UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MICHAEL SEIDENSTEIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ANHEUSER-BUSCH COMPANIES, LLC,<br><br>Defendant. | Case No. 3:13-CV-00917-M |

**PLAINTIFF'S MOTION TO STAY PENDING DECISION OF JPML;
MOTION TO EXTEND DEADLINE FOR RESPONDING TO
MOTION TO DISMISS; UNOPPOSED MOTION TO POSTPONE
DEADLINE FOR FILING MOTION FOR CLASS CERTIFICATION;
<u>MOTION TO EXPEDITE CONSIDERATION OF SAME; AND BRIEF IN SUPPORT</u>**

COMES NOW Plaintiff, Michael Seidenstein ("Seidenstein"), individually, and on behalf of all others similarly situated, and respectfully files Plaintiff's Motion to Stay Pending Decision of JPML; Motion to Extend Deadline for Responding to Motion to Dismiss; Unopposed Motion to Postpone Deadline for Filing Motion for Class Certification; Motion to Expedite Consideration of Same; and Brief in Support, and for such would respectfully show the Court as follows:

**I.**

**<u>INTRODUCTION</u>**

This is one of six substantially similar class actions filed against Defendant Anheuser-Busch Companies, LLC ("AB"), which actions are now subject to a motion before the Judicial Panel on Multidistrict Litigation ("JPML") to transfer all of the cases for consolidation or coordination pursuant to 28 U.S.C. § 1407. In order to conserve judicial resources, the Court should stay this case pending the ruling of the JPML. It should further order that Seidenstein

need not respond to AB's motion to dismiss until thirty days after either the JPML has denied the § 1407 motion or this Court has denied the motion to stay. Further, the Court should postpone the deadline for Seidenstein to file a class certification motion until a date to be set in a later scheduling order. Finally, the Court should order expedited briefing on these motions and decide them on an expedited basis.

## II.
## FACTUAL BACKGROUND

Seidenstein filed Plaintiff's Original Class Action Complaint ("Complaint") [Dkt. 1] in this case on February 28, 2013, asserting causes of action against AB for breach of the implied warranty of merchantability under TEX. BUS. & COM. CODE § 2.314, violation of the Magnusson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301, *et seq.*, and violation of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"), TEX. BUS. & COM. CODE § 1741, *et seq*. Seidenstein complains of AB's deliberate watering down of eleven of its malt beverage products so that the alcohol by volume actually contained in those products is less than that stated on their labels. Complaint ¶¶ 1, 6, 8-14.

On March 21, 2013, AB filed a Memorandum of Points and Authorities in Support of Motion to Dismiss ("Motion to Dismiss") [Dkt. 14], claiming that Seidenstein's claims should be dismissed because: (1) they fail to allege violations of the Texas Alcoholic Beverage Code or its regulations (collectively "TABC"), (2) the allegations are allegedly inadequate under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and (3) of an alleged lack of standing in two respects – that Seidenstein allegedly lacks standing to pursue injunctive and declaratory relief because he pleads that he has stopped buying AB products and that he allegedly lacks standing to assert claims for absent class members based on the AB products that he did not personally purchase. Under Local Rule 7.1(e), Seidenstein's response to AB's Motion to Dismiss is due April 11, 2013. Under Local Rule 23.2, Seidenstein's Motion for Class Certification must be filed by May 29, 2013.

Five other class actions have been filed against AB in five other federal district courts across the country asserting virtually identical factual claims against AB and similar causes of action for breach of the implied warranty of merchantability, violation of the MMWA and violation of state consumer protection statutes.  *See* 3/22/12 Notice of Motion of Plaintiffs Nina Giampoli & John Elbert for Transfer of Actions to the Northern District of California Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Proceedings ("JPML Motion") [Dkt. 1], a true and correct copy of which is attached hereto as Exhibit A, filed by the plaintiffs in the first-filed action in the Northern District of California, and the Appendix included therein [Dkt. 1-4], which has attached to it as Tabs A-F the complaints in all six actions, including this one. The plaintiffs filing the JPML Motion seek certification of a 48 state class which would overlap with the class asserted in this case and a California sub-class.  The plaintiffs in the other four cases assert state-wide classes.

A true and correct copy of the Notice of Filing or Publication of Briefing Schedule issued by the JPML on March 25, 2013 [Dkt. 4] is attached hereto as Exhibit B.  It shows that the matter has been assigned MDL No. 2448, and it provides that responses to the JPML Motion must be filed on or before April 15, 2013.  In the normal course of events, the JPML Motion should be heard in just two months during the JMPL's May 30, 2013 hearing session.

AB's responsive pleadings deadline is April 8, 2013, in four of the other five class actions: in the *Giampoli, et al,* case in the Northern District of California (Tab A to the Appendix, Dkt. 1-4, part of Exhibit A hereto); in the *Richardson* case in the District of Colorado (Tab B to the Appendix); in the *Greenberg, et al,* case in the Eastern District of Pennsylvania (Tab C to the Appendix); and in the *Wilson* case in the District of New Jersey (Tab D to the Appendix).  *See* the stipulations attached hereto as Exhibits C through F, respectively.  No response date currently exists in the *Hopkins, et al* case in the Northern District of Ohio (Tab E to the Appendix). Seidenstein and the other plaintiffs expect that AB will file motions to dismiss

in all of those cases making arguments similar to those made in the Motion to Dismiss in this case, including that Federal and/or state alcoholic beverage laws prevent the plaintiffs from asserting viable causes of action, that the factual allegations do not meet the standard of *Iqbal*, *supra*, and that the plaintiffs lack standing to seek declaratory and injunctive relief and to assert claims related to products that they did not personally purchase.

### III.
### THE COURT SHOULD STAY ALL PROCEEDINGS IN THIS CASE PENDING A RULING ON THE JPML MOTION

Per the United States Supreme Court, a district court's right to stay proceedings before it, based on a balancing of interests, is unquestionable. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). This includes staying a case pending the JPML's ruling on a motion under 28 U.S.C. § 1407. *In Re Aircraft Disaster at Paris, France, on March 3, 1974*, 376 F. Supp. 887, 888 (J.P.M.L. 1974).

In exercising their discretion, district courts should consider (1) the interests of conserving judicial resources by avoiding duplicative litigation if the cases are in fact consolidated by the JPML, and (2) the possibility of hardship or prejudice to the parties from either granting or not granting the stay. *Genetic Technologies, Ltd. v. Agilent Technologies, Inc.*, 2000 WL 2906571, at *2 (N.D. Cal. July 16, 2012); *U.S. Bank, N.A. v. Royal Indem. Co.*, 2002 WL 31114069, at *2 (N.D. Tex. Sept. 23, 2002). Crucially, when evaluating such a motion to stay, a primary factor the court should consider is the conservation of judicial resources. *Gonzalez v. Organon USA*, 2013 WL 644551, at * 1 (N.D. Cal. Feb. 22, 2013).

Certainly, case management reports, case management conferences and discovery should be routinely stayed, as any minimal prejudice resulting to a party from a delay of a few months while the JPML considers transfer is virtually always far outweighed by the waste of judicial resources that would take place if the parties and the court engage in such activities and then the case is then transferred. *Barnes v. Equinox Group, Inc.*, 2010 WL 5479624, at *2 (N.D. Cal. Dec.

30, 2010) ("…[P]roceeding to the initial case management conference where this Court will set discovery, alternative dispute resolution, class certification, dispositive motions deadlines, as well as a trial date, is not the most efficient use of judicial resources or the parties' time and money given the potential that those dates may ultimately be vacated and re-set by the transferee court if the MDL Panel grants the motion to transfer."); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360-61 (C.D. Cal. 1997) ("First, if this case is consolidated…, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And, second, any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation…."); *U.S. Bank, N.A.*, 2002 WL 31114069, at *2 ("This Court agrees that if Royal is forced to conduct discovery and file dispositive motions with the Court, then an excessive amount of time, money and energy could potentially be wasted.").

Even as to motions to remand, the district courts within the Fifth Circuit have routinely stayed cases without ruling on them if the motion to remand involves issues that would be common to other motions to remand in cases that are part of the same MDL. *See, e.g. Halliburton Energy Services, Inc. v. BP Exploration & Production, Inc.*, 2012 WL 149525, at *2-3 (S.D. Tex. Jan. 18, 2012); *Reichert v. Mark Starring & Assoc., Inc.*, 2011 WL 5078279, at *2 (E.D. La. Oct. 26, 2011). District courts in the Fifth Circuit have also routinely granted stays when motions to dismiss pursuant to FRCP 12(b)(6) were pending. *See, e.g., Kennedy v. Novartis Pharmaceuticals Corp.*, 2002 WL 31051601, at *1 (E.D. La. Sept. 12, 2002); *U.S. Bank, N.A.*, 2002 WL 31114069, at *2-3.

In this case, it is certain that AB will file motions to dismiss in all of the cases asserting at least two of the three grounds pursued in the Motion to Dismiss in this case. As a comparison of the Complaints contained in the Appendix [Dkt. 1-4], part of Exhibit A hereto, will show, the plaintiffs in all of the cases plead very similar allegations about their own conduct and virtually

identical allegations regarding AB's conduct, which means that AB will certainly move to dismiss all of them on the basis of an alleged lack of standing and the alleged failure to meet *Iqbal* standards.

Of course, this presents a significant risk of inconsistent rulings for these overlapping classes of consumers if each of the current district courts were to go ahead and rule. Further, if some district courts rule and some do not, the transferee court would have to decide these issues, and if it disagreed with any of the previous rulings, it would have to reconsider them in order to make consistent rulings on these issues because the outcome could not differ from state to state. Also, a consolidated amended complaint superseding the Complaint will likely be filed and responded to with a new motion to dismiss in the MDL proceeding, mooting any ruling on the Motion to Dismiss. Thus, a failure to stay by this Court would almost guarantee it expending considerable time and effort in deciding the Motion to Dismiss only to have that effort wasted, not to mention the wasted efforts of the parties in briefing and arguing the Motion to Dismiss to this Court. *See Genetic Technologies, Ltd.,* 2012 WL 2906571, at *203 (staying case despite fully-briefed motion to dismiss because same issues would arise in other MDL cases and because amended complaint(s) and new motion(s) to dismiss were likely to be filed in MDL).

AB may try to argue that it bases its other ground for dismissal upon the TABC and, therefore, that the Court should go ahead and rule upon that ground because it will not be at issue in any other cases. This argument ignores that the TABC mirrors federal regulations and that alcohol is highly regulated in all states, making it extremely like that the motions to dismiss AB files in the other cases will be based upon federal and/or state regulations similar to those in the TABC. Once again, in order to avoid conflicting rulings and to avoid the waste of unnecessary resources, this Court should stay consideration of this case in its entirety, including consideration of the entire Motion to Dismiss, pending the ruling of the JPML on the JPML Motion.

The same reasoning counsels that Seidenstein will be prejudiced if the Court allows this case and the Motion to Dismiss to go forward. The significant effort he would have to put forth in responding to the Motion to Dismiss and working upon discovery and scheduling matters will be at risk of being wasted if this action is transferred.

In contrast, AB will suffer no real prejudice if the Court stays this action in its entirety. Responses to the JPML Motion are due on April 15, 2013. The JPML will likely hear the matter at its May 30, 2013 meeting and rule within a short time thereafter. No negative consequences will befall AB in the interim until the transferee court can rule not only upon its Motion to Dismiss in this case but also upon what will likely be very similar motions to dismiss in the other cases.

Counsel for Seidenstein conferred with counsel for AB via email on March 22, 2013, regarding whether AB would agree to a stay of this case pending a ruling on the JPML motion. Counsel for AB stated that his client would not agree to this relief.

## IV.
## THE COURT SHOULD EXTEND THE DEADLINE FOR SEIDENSTEIN TO RESPOND TO AB'S MOTION TO DISMISS

If the Court stays the case pending the JPML's ruling on the JPML motion, Seidenstein requests an extension to file his response to the Motion to Dismiss until thirty (30) days after entry of an order by the JPML declining to transfer the related actions for consolidation or coordination. If the Court denies the request to stay this action pending the ruling of the JPML on the JPML motion, Seidenstein asks for an extension to file his response to the Motion to Dismiss to thirty (30) days after the date the Court enters the order denying the stay.

Seidenstein should not have to begin working on his response to the Motion to Dismiss in this Court until it is clear that he must do so. If he begins before and the Court then grants a stay and the JPML grants the JPML motion, then he will have engaged in exactly the waste of time and effort that the stay is supposed to prevent. Furthermore, the Motion to Dismiss presents a number of complex issues, including the interplay between the TABC and other statutory remedies, pleading sufficiency under *Iqbal* and standing issues. Given this complexity, a period of thirty (30) days for Seidenstein to respond once he begins work, only nine days more than that normally provided by Local Rule 7.1(e), is entirely reasonable and necessary.

In any case, Seidenstein's counsel needs beyond April 11, 2013, to file a response, because the undersigned has an oral argument set on April 11, 2013, before the Dallas Court of Appeals, which will take an extensive amount of preparation. In combination with other deadlines between now and April 11, the undersigned will not have adequate time to prepare a response to the Motion to Dismiss by April 11.

Seidenstein's counsel conferred via email with AB's counsel on March 26, 2013, and counsel for AB stated that AB opposes this relief, but that AB does agree to a seven-day extension for Seidenstein to respond to its Motion to Dismiss, until April 18, 2013. Alternatively, to the extent the Court denies the relief sought by Seidenstein above regarding an extension, Seidenstein requests the Court for this extension agreed to by AB.

## V.
## THE COURT SHOULD POSTPONE THE DEADLINE FOR SEIDENSTEIN TO FILE HIS MOTION FOR CLASS CERTIFICATION, AS AGREED TO BY AB

As set forth above, under Local Rule 23.2, Seidenstein's Motion for Class Certification must be filed by May 29, 2013. There is a strong possibility that as a result of the JPML Motion,

this Court will not end up hearing this case pre-trial and ruling upon class certification. Even if the Court does so, the Court's ruling on the Motion to Dismiss could result in an amended complaint being filed by Seidenstein or other alterations to his claims. Furthermore, given the rigorous analysis required for class certification, the parties will undoubtedly need to engage in some discovery prior to beginning class certification briefing. Under these circumstances, a May 29, 2013 deadline for Seidenstein to file his class certification motion is completely unrealistic. The Court should postpone such deadline until a date to be set in a future scheduling order, if the Court ends up handling this case pre-trial. Counsel for Seidenstein conferred with counsel for AB regarding this issue via email on March 22, 2013, and counsel for AB stated that AB is in agreement with the Court granting this relief.

## VI.
## THE COURT SHOULD REQUIRE EXPEDITED BRIEFING AND RULE ON AN EXPEDITED BASIS ON THESE MOTIONS

Under the normal timing set forth in the Local Rules, these motions would not be fully briefed, and the Court would not decide them, until after Seidenstein has already filed his response to the Motion to Dismiss. Of course, a major reason for granting the stay would be lost under those circumstances because Seidenstein would be required to respond to the Motion to Dismiss, an effort that might be entirely wasted if this case is transferred. Further, counsel for Seidenstein would have been forced to respond by April 11, 2013, even though he does not have adequate time to do so, as set forth above.

Accordingly, given the timing and urgency of this matter and relative simplicity of these issues, Seidenstein asks the Court to order AB to file its response to these motions within two and one-half (2.5) business days – by 5:00 p.m. CDT on Friday, March 29, 2013.

Correspondingly, Seidenstein is willing to and asks the Court to order him to file his reply within two (2) business days thereafter or by 5:00 p.m. CDT on Tuesday, April 2, 2013. Thereafter, Seidenstein requests the Court to rule on these motions as quickly as its schedule allows.

## VII.
## CONCLUSION

WHEREFORE, Plaintiff, Michael Seidenstein, individually, and behalf of all others similarly situated, requests the Court to grant him the relief set forth above and to grant him all such other and further relief, legal or equitable, to which he may show himself justly entitled.

Dated:  March 27, 2013                                     Respectfully submitted,

*/s/ Roger L. Mandel*
ROGER L. MANDEL
State Bar No. 12891750
Bruce E. Bagelman
State Bar No. 01509700
LACKEY HERSHMAN, L.L.P.
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
Phone: (214) 560-2201
Fax:    (214) 560-2203
rlm@lhlaw.net

## Certificate of Conference

The undersigned conferred via email with counsel for AB on March 22, 2013, regarding a stay of this case pending a ruling on the JPML Motion, and counsel for AB stated that his client would not agree to this relief.  The undersigned conferred via email with counsel for AB regarding an extension of time for plaintiff to respond to AB's Motion to Dismiss via email on March 26, 2013, and counsel for AB stated that AB opposes the relief requested.  However, AB is willing to agree to a seven-day extension for Plaintiff to respond to AB's Motion to Dismiss until April 18, 2013.  The undersigned conferred with counsel for AB via email on March 22, 2013, regarding postponement of the deadline for Plaintiff to file his motion for class certification until a deadline to be set in a future scheduling order, and counsel for AB stated that AB is in agreement with the Court granting such relief.  Finally, the undersigned conferred  via email with counsel for AB on March 22, 2013, regarding the request to expedite briefing and decision on these motions, and counsel for AB stated that AB opposes such relief.

/s/ Roger L. Mandel
Roger L. Mandel

**Certificate of Service**

On the 27th day of March, 2013, the foregoing Plaintiff's Motion to Stay Pending Decision of JPML; Motion to Extend Deadline for Responding to Motion to Dismiss; Unopposed Motion to Postpone Deadline for Filing Motion for Class Certification; Motion to Expedite Consideration of Same; and Brief in Support was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

/s/ Roger L. Mandel
Roger L. Mandel