CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 MAR 28   AM 10: 18

DEPUTY CLERK_____

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ANHEUSER-BUSCH BEER LABELING LITIGATION | MDL NO._____ |

**NOTICE OF MOTION OF PLAINTIFFS NINA GIAMPAOLI & JOHN ELBERT FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Robert W. Mills
Joshua D. Boxer
Corey B. Bennett
**THE MILLS LAW FIRM**
880 Las Gallinas Avenue, Suite 2
San Rafael, California 94903
Telephone: (415) 455-1326
Email: Josh@millslawfirm.com

-and-

Robert M. Bramson
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER**
2125 Oak Grove Rd., Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Email: Rbramson@bramsonplutzik.com

*Attorneys for Plaintiffs Nina Giampaoli, John Elbert, and the Proposed Classes*

Pursuant to 28 U.S.C. § 1407, Plaintiffs Nina Giampaoli and John Elbert ("Moving Plaintiffs") respectfully move this Panel for an order consolidating each of the class actions identified in the accompanying Schedule of Actions,[1] and further request that the Panel transfer the actions to the Northern District of California, the most appropriate and convenient venue for the parties and their witnesses. In support of their motion, and as more fully set forth in the accompanying memorandum, Moving Plaintiffs allege as follows:

1.     Six pending class actions allege virtually identical legal claims and virtually identical facts against the same defendant, Anheuser-Busch Companies, LLC ("AB").

2.     These actions for which transfer is requested allege that AB deliberately, uniformly and systematically overstates the alcohol content of its malt beverages, despite the sophisticated technology that enables AB to precisely identify and control the alcohol content of its products to within hundredths of one percent. Appendix, A, N.D. California Complaint ¶¶1, 9. 28 U.S.C. § 1407 applies because all of these actions are premised on virtually identical conduct and allegations, present common questions of fact and law, and make the *same* core allegations against the *same, single* defendant.[2]

3.     The actions for which transfer is requested are all class actions, one of which, the California action, seeks to represent all consumers in the contiguous 48 states who purchased at retail for personal, family or household purposes, and not for re-sale, during the fullest period permitted by the applicable statute of limitations, one or more of 11 identified AB products, which were manufactured in the state of Missouri for off-site consumption. The other class actions seek

---

[1] The Schedule of Actions is found on the last page of Moving Plaintiffs' Motion.
[2] Each of the actions allege violations of various state and local consumer protection statutes, while some include related claims based on the breach of implied warranty of merchantability and violation of the Moss-Magnusson Warranty Act. See Appendix, Tabs A-F.

to represent all such consumers of their respective states who purchased the identified AB products in their state.[3]

4.      Moving Plaintiffs request transfer and consolidation "for the convenience of the parties and witness and [to] promote the just and efficient conduct" of these actions. 28 U.S.C. § 1407(a). Specifically, consolidation will prevent duplicative discovery of the complex and highly technical issues involved, and eliminate the possibility of inconsistent rulings, particularly as they relate to the overlapping classes. Consolidation will reduce litigation costs, minimize inconvenience to parties and witnesses, and otherwise allow the actions to proceed efficiently to trial. Further, consolidation will facilitate a comprehensive schedule for appointing lead counsel and plaintiffs, the filing of a single pleading on behalf all plaintiffs in the actions, and testing of the pleading's sufficiency. Consolidation will also provide a single forum to which future "tag-along" actions may be transferred to promote judicial economy.

Moving Plaintiffs respectfully request that the Panel enter an order transferring these actions, as well as future "tag-along" actions to the Northern District of California for consolidation of pretrial proceedings. This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Law, the attached Appendix and exhibits thereto, the pleadings and papers on file herein, and upon such matters as may be presented to the Court at the time of the hearing.

The undersigned requests oral argument in the event that timely opposition papers are filed.

Dated: March 22, 2013                      Respectfully submitted,
                                           **THE MILLS LAW FIRM**

                                           By:    /s/ Joshua D. Boxer
                                           Robert W. Mills (SBN 062154)
                                           Joshua D. Boxer (SBN 226712)

---

[3] The California action also seeks certification of a California subclass, composed of only California consumers.

Corey B. Bennett (SBN 267816)
880 Las Gallinas Avenue, Suite 2
San Rafael, California 94903
Telephone: (415) 455-1326
Email: Josh@millslawfirm.com

**BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER**

By:    /s/ Robert M. Bramson
Robert Bramson, Esq. (Bar No. 102006)
2125 Oak Grove Rd., Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Email: Rbramson@bramsonplutzik.com


*Attorneys for Plaintiffs Nina Giampaoli, John Elbert,
and the Proposed Classes*

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE:  ANHEUSER-BUSCH BEER LABELING LITIGATION | MDL NO. _____ |

**BRIEF IN SUPPORT OF MOTION OF PLAINTIFFS NINA GIAMPAOLI & JOHN ELBERT FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS**

Robert W. Mills
Joshua D. Boxer
Corey B. Bennett
**THE MILLS LAW FIRM**
880 Las Gallinas Avenue, Suite 2
San Rafael, California 94903
Telephone: (415) 455-1326
Email: Josh@millslawfirm.com

-and-

Robert M. Bramson
**BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER**
2125 Oak Grove Rd., Suite 120
Walnut Creek, CA 94598
Telephone: (925) 945-0200
Email: Rbramson@bramsonplutzik.com

*Attorneys for Plaintiffs Nina Giampaoli, John Elbert, and*
*the Proposed Classes*

# TABLE OF CONTENTS

I.     **INTRODUCTION**.................................................................. 1

II.    **SUMMARY OF FACTS**........................................................ 2

    A. The Nature of the Litigation.................................................. 2

    B. The Pending Cases............................................................. 2

III.   **ARGUMENT**...................................................................... 3

    A. The Six Related Cases Involve Common Questions of Fact.................. 4

    B. Consolidation Will Further the Convenience of the Parties and

       Witnesses............................................................. 5

    C. Consolidation Will Promote Just and Efficient Conduct of These

       Actions............................................................... 6

    D. The Northern District of California is the Most Appropriate Transferee

       District.............................................................. 8

IV.    **CONCLUSION**................................................................... 9

**SCHEDULE OF ACTIONS**........................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*In re A.H Robins Co. "Dalkon Shield" IUD Prods. Dab. Litig.*,
   406 F. Supp. 540, 542 (J.P.M.L. 1975). ........................................................................... - 7 -

*In re Cuisinart Food Processor Antitrust Litig.*,
   506 F. Supp. 651 (J.P .M.L. 1981) ................................................................................... - 6 -

*In re Enron Corp. Sec., Derivative &* ............................................................................... - 9 -

*In re Gen. Aircraft Corp. Antitrust/Tort Claims Act Litig.*,
   449 F. Supp. 604 (J.P.M.L. 1978) ..................................................................................... - 8 -

*In re Glaceau Vitaminwater Mktg. & Sales Practices Litig.*,
   764 F.Supp.2d 1349 (J.P.M.L.2011) ................................................................................ - 5 -

*In re Plumbing Fixture Cases*,
   298 F.Supp. 484 (J.P.M.L. 1968) ..................................................................................... - 8 -

*In re Republic Western Ins. Co. Ins. Coverage Litig.*,
   206 F.Supp.2d 1364 (J.P.M.L.2002) ................................................................................ - 6 -

*In re Rio Hair Naturalizer Prods. Liab. Litig.*,
   904 F. Supp. 1407 (J.P.M.L. 1995) ................................................................................... - 7 -

*In re Roadway Express, Inc. Employment Practices Litig.*,
   384 F. Supp. 612 (J.P.M.L. 1974) ..................................................................................... - 7 -

*In re Sterling Homex Corp. Sec. Litig.*,
   405 F. Supp. 314 (J.P .M.L. 1975) .................................................................................... - 6 -

*In re Sugar Indus. Antitrust Litig.*,
   395 F. Supp. 1271 (J.P.M.L. 1975) ................................................................................... - 7 -

*In re Uranium Indus. Antitrust Litig.*,
   458 F. Supp. 1223 (J.P.M.L. 1978) ................................................................................... - 6 -

*Robinson v. DePuy Orthopaedics, Inc.*,
   2012 WL 831650 (W.D. Va. Mar. 6, 2012) ...................................................................... - 5 -

**Statutes**

15 U.S.C.A. § 2301 ......................................................................................................... - 4 -
28 U.S.C. § 1407 .........................................................................................................passim
28 U.S.C. § 1407(a) ......................................................................... - 2 -, - 5 -, - 6 -
Cal. Bus. & Prof. Code § 17200 et seq. ............................................................................ - 4 -
Cal. Civ. Code § 1750 et seq. ........................................................................................... - 4 -
Cal. Com. Code § 2314 ..................................................................................................... - 4 -
Mo. Ann. Stat. §§ 407.010 et seq. .................................................................................... - 4 -

## I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1407, Plaintiffs Nina Giampaoli and John Elbert ("Moving Plaintiffs"), by and through their attorneys, hereby move this Court for an order consolidating the six class action lawsuits listed in the Schedule of Actions (collectively, the "Related Cases"),[1] all of which relate to the same subject matter, were initiated by the same types of consumers, make virtually identical legal claims, are based on virtually identical factual allegations, and were filed against the same defendant, Anheuser-Busch Companies, LLC. ("AB" or "Defendant").  In each case, the district courts will be asked to make factual and legal determinations arising out of a common course of conduct by AB. All six cases are in the early stages of litigation. No discovery has occurred and no initial disclosures have been made.  No substantive rulings on motions to dismiss, motions for summary judgment, class certification or other pretrial matters have been heard in any of these cases.

Consolidation is appropriate under 28 U.S.C. § 1407(a) to conserve judicial resources by eliminating the need for repetitive rulings on similar legal and factual issues, prevent duplicative discovery into the company-wide policies and practices at issue in these cases, and eliminate the possibility of inconsistent rulings.  Consolidation will reduce judicial time and litigation costs, minimize inconvenience to parties and witnesses, and otherwise allow the actions to proceed efficiently to trial.  Further, consolidation will facilitate a comprehensive schedule for appointing lead counsel for plaintiffs, the filing of a single pleading on behalf all plaintiffs in the actions, and testing of the pleading's sufficiency. Consolidation will also provide a single forum to which anticipated "tag-along" actions may be transferred to promote judicial economy.

Moving Plaintiffs respectfully request that the actions be consolidated for pretrial proceedings in Northern District of California, the venue of the first-filed action, and the action affecting the rights of the largest number of putative class members.

---

[1] The Schedule of Actions is found on the last page of this filing.

## II. SUMMARY OF FACTS

### A. The Nature of the Litigation

Plaintiffs in each of the related class actions allege that AB deliberately and uniformly misrepresents the alcohol content of its malt beverages, therefore giving consumers less value than they paid for. See Complaint, ¶1.[2] They allege that AB possesses sophisticated process control technology that enables it to precisely identify and control the exact alcohol content of malt beverages to within hundredths of one percent (i.e. .01%). Complaint ¶¶1, 9. Nonetheless, each of the plaintiffs alleges that, as a matter of corporate policy, AB adds extra water to its finished products to produce malt beverages that consistently have significantly lower alcohol content than the percentage displayed on its labels. *Id.* They allege that by stretching its products with water, AB is able to produce a significantly higher number of units of beer from the same starting batch of ingredients. *Id.* Plaintiffs further contend that there are no impediments – economic, practical or legal – to AB accurately labeling its products to reflect their true alcohol content. Nevertheless, AB uniformly misrepresents and overstates that content. *Id.*

### B. The Pending Cases

On February 22, 2013, Moving Plaintiffs filed their complaint in the Northern District of California. The additional actions were filed in the District of Colorado, the Eastern District of Pennsylvania, the District of New Jersey, the Northern District of Ohio, and the Northern District of Texas (Dallas Div.) between February 25 and February 28. In the Northern District of California, Moving Plaintiffs seek to represent the following classes:

> "Nationwide Class": All consumers residing in the 48 contiguous states
> who purchased at retail for personal, family or household purposes and
> not for re-sale, within five years before the date this suit was filed, one
> or more of the following Anheuser-Busch Companies, LLC products,
> which were manufactured in the state of Missouri for off-site

---

[2] See accompanying Appendix, Tabs A through F.

consumption: "Budweiser"; "Bud Ice"; "Bud Light Platinum"; "Michelob"; "Michelob Ultra"; "Hurricane High Gravity Lager"; "King Cobra"; "Busch Ice"; "Natural Ice"; "Black Crown" and "Bud Light Lime." *Id.* at ¶20.

"California Class": All consumers who purchased at retail for personal, family or household purposes and not for re-sale,, within four years before the date this suit was filed, one or more of the following Anheuser-Busch Companies, LLC products at retail in the state of California for off-site consumption: "Budweiser"; "Bud Ice"; "Bud Light Platinum"; "Michelob"; "Michelob Ultra"; "Hurricane High Gravity Lager"; "King Cobra"; "Busch Ice"; "Natural Ice"; "Black Crown" and "Bud Light Lime." *Id.* at ¶21.

Moving Plaintiffs assert claims for violation of the Missouri Merchandising Practices Act, Mo. Ann. Stat. §§ 407.010 *et seq.*; California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; and the Consumer Legal Remedies Act, Cal. Civ. Code § 1750 *et seq.*; breach of implied warranty of merchantability, Cal. Com. Code § 2314; and violation of the Magnusson-Moss Warranty Act, 15 U.S.C.A. § 2301. All of the Related Cases allege violations of state consumer protection laws, and most allege related state and federal breach of implied warranty claims, (including violations of the Magnusson-Moss Warranty Act). All of the Related Cases are against the *same, single* defendant, AB. To Moving Plaintiffs' knowledge, there is no action asserting similar claims pending within the Eastern District of Missouri, the location of AB's principal place of business.

## III.   ARGUMENT

This Panel may transfer and consolidate two or more civil cases for coordinated pretrial proceedings under 28 U.S.C. § l407(a) upon a determination that (A) the cases "involv[e] one or more common questions of fact," (B) the transfers would further "the convenience of parties and witnesses," and (C) the transfers "will promote the just and efficient conduct of [the] actions." Consolidation under section 1407 achieves the objectives of "eliminat[ing] duplication in discovery, avoid[ing] conflicting rulings and schedules, reduc[ing] litigation cost, and sav[ing] the

time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation, (4th Ed. 2004), § 20.131, at 220.

**A.      The Six Related Cases Involve Common Questions of Fact**

"When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C.A. § 1407(a).  Here, each of the six Related Cases addresses the same central question of whether AB mislabels its malt beverage products by overstating the percentage of alcohol they contain as a matter of uniform corporate policy.  Discovery related to (1) product labeling, development and marketing, (2) the production methods employed by AB, including "statistical process control," (3) the sophisticated equipment involved in production, as well as its accuracy, maintenance and calibration, (4) data establishing AB's alleged violations, (5) AB's internal policies and directives, and (6) and the extent of damages caused by AB's alleged violations, will necessarily apply to each of these Related Cases.  See *In re Plavix Marketing, Sales Practices and Products Liability Litigation (No. II)*, 2013 WL 565971 (U.S.Jud.Pan.Mult.Lit.), 2. ("Issues concerning the development, manufacture, regulatory approval, labeling, and marketing of the drug are thus common to all actions."); *In re: Wells Fargo Wage & Hour Employment Practices Litig. (No. III), MDL 2266*, 2011 WL 3648270 (Aug. 19, 2011) ("As in MDL No. 1770, these common factual issues relating to Wells Fargo's classification and compensation policies for HMCs are at the core of the four cases now before the Panel. Discovery among these actions regarding defendants' corporate policies therefore will overlap").  The complex and highly-technical nature of these common issues, and the extent of the factual and expert discovery that will be involved, weigh heavily in favor of centralization. *In re: Colgate-Palmolive Softsoap Antibacterial Hand Soap Mktg. & Sales Practices Litig.*, MDL 2320, 2012 WL 749379 (Mar. 7, 2012).

While these six actions implicate different but related state consumer protection statutes, ". . . the very nature of multidistrict litigation obliges the presiding MDL judge to 'routinely apply

the laws of one or more jurisdictions.'" *Robinson v. DePuy Orthopaedics, Inc.*, 2012 WL 831650 (W.D. Va. Mar. 6, 2012), citing *In re Glaceau Vitaminwater Mktg. & Sales Practices Litig.*, 764 F.Supp.2d 1349, 1351 (J.P.M.L.2011).   In addition, there are no other practical alternatives to centralization which could accomplish the same goals without resort to Section 1407. See, e.g. *In re Republic Western Ins. Co. Ins. Coverage Litig.*, 206 F.Supp.2d 1364, 1365 (J.P.M.L.2002).

    **B.**    **Consolidation Will Further the Convenience of the Parties and the Witnesses**

Plaintiffs in each of the Related Cases allege that AB's mislabeling stems from uniform corporate policies applicable to all of AB's domestic breweries.  Because of the company-wide nature of the allegations, the plaintiffs in each of the Related Cases will likely propound similar written interrogatories, seek depositions of many of the same individuals and corporate representatives, and seek discovery of identical documents.  Without pretrial consolidation, plaintiffs in the six cases will undoubtedly be required separately to respond to similar or identical discovery propounded upon them by AB.  They will further be required to retain the same types of expert witnesses, all at great expense, to offer opinions and analyses of the same issues. Accordingly, consolidation will serve ". . . the convenience of parties and witnesses." 28 U.S.C. § 1407(a).  See, e.g., *In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 655 (J.P .M.L. 1981) (consolidation would "effectuate a significant overall savings of cost and a minimum of inconvenience to all concerned with the pretrial activities"); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) (Plaintiffs "will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their ... allegations."); *In re Sterling Homex Corp. Sec. Litig.*, 405 F. Supp. 314, 315 (J.P .M.L. 1975) ("we are confident that Section 1407 treatment will allow the ... plaintiffs to experience a net savings of time, effort and expenses through pooling their resources with other plaintiffs").  See also *In re: Morgan Stanley Smith Barney LLC Wage & Hour Employment Practices Litig.*, MDL 2280, 2011 WL 4889241 (Oct. 12, 2011) ("It is undisputed that discovery

in all actions will focus on defendants' company-wide compensation policies. . . Accordingly, centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.").

**C.     Consolidation Will Promote Just and Efficient Conduct of These Actions**

Since these Related Cases involve common questions of fact, not only will consolidation avoid unnecessary, duplicative and expensive discovery, consolidation will ". . . eliminate the possibility of conflicting pretrial rulings." *In re A.H Robins Co. "Dalkon Shield" IUD Prods. Dab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975).   Consolidation is particularly important here since the Related Cases involve overlapping putative classes.  For example, Moving Plaintiffs, based on information and belief that AB's Missouri brewery distributes malt beverages throughout the United States, seek to certify *inter alia* a 48-state class for AB's alleged violation of the Missouri Merchandising Practices Act, which applies extraterritorially.[3]  This claim will invariably overlap with the other Related Cases to the extent that consumers outside of Missouri purchased malt beverages manufactured at AB's Missouri brewery.  As such, there is a significant risk that adjudication by one district court will conflict with an adjudication of the same claims and consumers by another district court.

Even ignoring the overlap in the proposed classes, since the practices of AB challenged in each of the Related Cases are identical, inconsistent rulings on the legality of those practices would be a distinct possibility absent consolidation or coordination before a single District Judge. This Panel has ". . . consistently held that transfer of actions under Section 1407 is appropriate, *if not necessary*, where the possibility of inconsistent class determinations exists." *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (emphasis added). See also *In re Rio Hair Naturalizer Prods. Liab. Litig.*, 904 F. Supp. 1407, 1408 (J.P.M.L. 1995)

---

[3] Appendix, Tab A, ¶¶ 18-20.

("Centralization under Section 1407 is necessary in order to ... prevent inconsistent pretrial rulings (especially with respect to overlapping class certification requests)"); *In re Roadway Express, Inc. Employment Practices Litig.*, 384 F. Supp. 612, 613 (J.P.M.L. 1974) ("the existence of and the need to eliminate [the possibility of inconsistent class determinations] presents a highly persuasive reason favoring transfer under Section 1407"); *In re Plumbing Fixture Cases*, 298 F.Supp. 484, 493 (J.P.M.L. 1968) (transfer necessary to avoid ". . . pretrial chaos in conflicting class action determinations").

Further, while there are currently only six Related Cases pending in federal court[4] at this time, and a number of others may follow suit, the number of actions pending is not dispositive, particularly where the actions raise the types of complex issues involved here. These Related Cases will necessarily require significant and highly-technical discovery into AB's production methods, including expert analysis into the manner in which AB's products are produced, tested, labeled, marketed, distributed and sold. These complex issues make consolidation appropriate under 28 U.S.C. § 1407.

In *In re: Foot Locker, Inc.*, MDL 2235, 2011 WL 2118980 (May 26, 2011), the Panel centralized just four related cases, noting that "[c]entralization in these circumstances will have the benefit of eliminating duplicative discovery; preventing inconsistent pretrial rulings, including with respect to class certification; and conserving the resources of the parties, their counsel, and the judiciary." The Panel further noted that "[t]hough a large number of actions are not presently before the Panel, also weighing in favor of centralization is that additional related actions alleging similar class claims in other states could well be filed." *Id.* In *In re Gen. Aircraft Corp. Antitrust/Tort Claims Act Litig.*, 449 F. Supp. 604, 606 (J.P.M.L. 1978), the Panel held that "[t]ransfer under Section 1407 is thus necessary, even though only two actions are involved, in

---

[4] Moving Plaintiffs are aware of two other state actions in Missouri and Florida.

order to avoid duplication of time-consuming discovery, eliminate the possibility of inconsistent pretrial rulings, and otherwise conserve the efforts of the parties, the witnesses and the judiciary."

Further, given the widespread publicity this case has garnered,[5] a number of additional actions may be filed, leading to an even greater possibility of multiple, inconsistent rulings.

**D.      The Northern District of California is the Most Appropriate Transferee District**

The Northern District of California is the most appropriate transferee district for a number of reasons.  First, while each of the Related Cases is in its relative infancy, California is the venue where the first action was filed.[6]  See e.g. *In re: Bank of Am. Credit Prot. Mktg. & Sales Practices Litig., MDL 2269*, 2011 WL 3648279 (Aug. 16, 2011).  The California action also will impact the rights of the greatest number of putative class members since Moving Plaintiffs seek to certify a class of consumers from the 48 contiguous states,[7] (as well as a California-only subclass), whereas all of the other actions seek certification of single-state classes.[8]  Further, Defendant operates one of only 12 domestic breweries in the Northern District of California, and California is the only state in which Defendant operates multiple breweries,[9] making California home to a significant number of witnesses, and the location of significant volume of documentary evidence.  The Northern District of California is home to three international airports, making travel more

---

[5] See, e.g., Michael Martinez, *Anheuser-Busch Accused Of Watering Down Several Brands*, CNN International, Feb. 28, 2013, http://www.cnn.com/2013/02/26/business/california-anheuser-busch-lawsuit/; *Anheuser-Busch Takes Out Full-Page Ads To Fight Claims It's Watering Down Beer*, Reuters, Mar. 3, 2013, http://www.huffingtonpost.com/2013/03/03/anheuser-busch-ads_n_2802588.html?utm_hp_ref=business; Stuart Pfeifer, *Beer Drinkers Accuse Anheuser-Busch Of Watering Down Brews*, Los Angeles Times, Feb. 26, 2013, http://www.latimes.com/business/money/la-fi-mo-beer-drinkers-sue-anheuserbusch-say-it-watered-down-brews-20130226,0,1472649.story

[6] See Appendix, Tab A.

[7] Appendix, Tab A, ¶ 20.

[8] See, e.g. Appendix, Tab B, ¶ 17.

[9] See http://anheuser-busch.com/index.php/our-company/operations/breweries-brewery-tours/

---

convenient for out-of-state witnesses and counsel,[10] and at least one of the law firms representing Defendant is located in San Francisco, California.[11] The action pending in the Northern District of California is currently assigned to Judge Edward M. Chen, a jurist who is experienced in multi-district litigation.[12] Lastly, none of the named plaintiffs in the identified actions resides within the Eastern District of Missouri, Defendant's principal place of business.

## IV.   CONCLUSION

For the foregoing reasons, Moving Plaintiffs respectfully request that the Panel order the transfer of the each of the identified Related Cases, as well as all future "tag-along" actions to the Northern District of California for consolidated pretrial proceedings.

Dated: March 22, 2013

Respectfully submitted,
**THE MILLS LAW FIRM**

By:   ___/s/ Joshua D. Boxer___
Robert W. Mills (SBN 062154)
Joshua D. Boxer (SBN 226712)
Corey B. Bennett (SBN 267816)
880 Las Gallinas Avenue, Suite 2
San Rafael, California 94903
Telephone: (415) 455-1326
Email: Josh@millslawfirm.com

**BRAMSON, PLUTZIK, MAHLER &
BIRKHAEUSER**

By:   ___/s/ Robert M. Bramson___
Robert Bramson, Esq. (Bar No. 102006)
2125 Oak Grove Rd., Suite 120

---

[10] See *In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 196 F. Supp. 2d 1375 (J.P.M.L. 2002) (finding that "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well developed support system for legal services").
[11] See Appendix, Tab A, docket report.
[12] *In Re: Carrier IQ, Inc., Consumer Privacy Litigation*, MDL No. 2330, Transfer Order dated April 16, 2012, at 2; *In re Wells Fargo Home Mortgage Overtime Pay Litigation*, MDL No. 1770; *In re Wells Fargo Loan Processor Overtime Pay Litigation*, MDL No. 1841.

Walnut Creek, CA 94598
Telephone: (925) 945-0200
Email: Rbramson@bramsonplutzik.com


*Attorneys for Plaintiffs Nina Giampaoli, John Elbert,
and the Proposed Classes*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL _____ - In Re: Anheuser-Busch Beer Litigation**

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Moving Plaintiffs:** Nina Giampaoli, John Elbert<br>**Defendant:** Anheuser-Busch Companies, LLC | N.D. California | 13-CV-00828-EMC | Hon. Edward M. Chen |
| **Plaintiff:** Joel Richardson<br>**Defendant:** Anheuser-Busch Companies, LLC | D. Colorado | 13-CV-00506-CMA-MEH | Hon. Christine M. Arguello |
| **Plaintiffs:** Thomas Greenberg, Gerald Greenburg<br>**Defendant:** Anheuser-Busch Companies, LLC | E.D. Pennsylvania | 13-CV-1016-TON | Hon. Thomas N. O'Neill, Jr. |
| **Plaintiff:** Brian Wilson<br>**Defendant:** Anheuser-Busch Companies, LLC | D. New Jersey | 13-CV-01122-NLH-AMD | Hon. Noel L. Hillman |
| **Plaintiffs:** Joseph Hopkins, Miguel Figueroa, Nicole Mangle<br>**Defendant:** Anheuser-Busch Companies, LLC | N.D. Ohio | 13-CV-00413-DCN | Hon. Donald C. Nugent |
| **Plaintiff:** Michael Seidenstein<br>**Defendant:** Anheuser-Busch Companies, LLC | N.D. Texas | 13-CV-00917-M | Hon. Barbara M.G. Lynn |

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**
**MDL _____ - In Re: Anheuser-Busch Beer Litigation**

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Moving Plaintiffs:** Nina Giampaoli, John Elbert<br>**Defendant:** Anheuser-Busch Companies, LLC | N.D. California | 13-CV-00828-EMC | Hon. Edward M. Chen |
| **Plaintiff:** Joel Richardson<br>**Defendant:** Anheuser-Busch Companies, LLC | D. Colorado | 13-CV-00506-CMA-MEH | Hon. Christine M. Arguello |
| **Plaintiffs:** Thomas Greenberg, Gerald Greenburg<br>**Defendant:** Anheuser-Busch Companies, LLC | E.D. Pennsylvania | 13-CV-1016-TON | Hon. Thomas N. O'Neill, Jr. |
| **Plaintiff:** Brian Wilson<br>**Defendant:** Anheuser-Busch Companies, LLC | D. New Jersey | 13-CV-01122-NLH-AMD | Hon. Noel L. Hillman |
| **Plaintiffs:** Joseph Hopkins, Miguel Figueroa, Nicole Mangle<br>**Defendant:** Anheuser-Busch Companies, LLC | N.D. Ohio | 13-CV-00413-DCN | Hon. Donald C. Nugent |
| **Plaintiff:** Michael Seidenstein<br>**Defendant:** Anheuser-Busch Companies, LLC | N.D. Texas | 13-CV-00917-M | Hon. Barbara M.G. Lynn |

**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

**IN RE:** ANHEUSER-BUSCH BEER
LITIGATION

**MDL** _____

**PROOF OF SERVICE**

I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this

Certificate of Service was served by First Class Mail on March 22, 2013, to the following:

Clerk, Northern District California
San Francisco, CA
450 Golden Gate Avenue
San Francisco, CA 94102-3489

Clerk, District of Colorado
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

Clerk, Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street,
Philadelphia, PA 19106-1797, Room 2609

Clerk, District of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, NJ 08101

Clerk, Northern District Ohio
Carl B. Stokes United States Court House

1   801 West Superior Avenue, Courtroom 15A
    Cleveland, Ohio 44113-1842
2
    Clerk, Northern District Texas,
3   1100 Commerce Street
    Room 1572
4   Dallas, Texas 75242-1003
5
    J. Russell Jackson
6   Skadden, Arps, Slate, Meagher & Flom LLP
    4 Times Square
7   New York, NY 10036
    T: 212.735.7839 | F: 917.777.7839 | M: 917.843.4823
8   *Attorneys for Anheuser-Busch Companies, LLC*
9
    Marcus S. Topel
10  Kasowitz, Benson, Torres & Friedman LLP
    101 California Street, Suite 2300
11  San Francisco, California 94111
    514-655-4301 telephone
12  415-358-4693 facsimile
13  *Attorneys for Anheuser-Busch Companies, LLC*
14
    Joseph M. Cox
15  Bracewell & Giuliani LLP
    1445 Ross Avenue
16  Suite 3800
    Dallas, TX 75202
17  214/758-1077 telephone
    *Attorneys for Anheuser-Busch Companies, LLC*
18
19          I hereby certify that a copy of the foregoing Motion, Brief, Schedule of Actions and this
20  Certificate of Service was served by Electronic Mail on March 22, 2013, to the following:
21
    David S. Senoff
22  Lauren C. Fantini
    Caroselli Beachler Mctiernan & Conboy
23  1845 Walnut Street, Fifteenth Floor
    Philadelphia, PA, 19102
24  T: (215) 609-1350
25  F: (215) 609-1351
    DSENOFF@CBMCLAW.COM
26  LFANTINI@CBMCLAW.COM
27
28

*Attorneys for Plaintiffs Thomas Greenberg and Gerald Greenberg and the Proposed Class (PA); and Plaintiff Brian Wilson and the Proposed Class (NJ)*

Ronald Frederick
Ronald Frederick & Associates
1370 Ontario St., Suite 1240
Cleveland, Ohio 44113
(216) 502-1055 (phone)
(216) 566-9400 (fax)
RonF@clevelandconsumerlaw.com
*Attorneys for Plaintiffs Joseph Hopkins, Miguel Figueroa and Nicole Mangle and the Proposed Class (OH)*

Lackey Hershman, L.L.P.
Roger L. Mandel
Bruce E. Bagelman
3102 Oak Lawn Avenue, Suite 777
Dallas, Texas 75219
P: (214) 560-2201
F: (214) 560-2203
rlm@lhlaw.net
*Attorneys for Plaintiff Michael Seidenstein and the Proposed Class (TX)*

Dated March 22, 2013

/s/ *Joshua D. Boxer*
Robert W. Mills
Joshua D. Boxer
Corey B. Bennett
**THE MILLS LAW FIRM**
880 Las Gallinas Avenue, Suite 2
San Rafael, California 94903
Telephone: (415) 455-1326
Email: Josh@millslawfirm.com