# Exhibit A

West's Annotated California Codes
  Commercial Code (Refs & Annos)
    Division 2. Sales (Refs & Annos)
      Chapter 3. General Obligation and Construction of Contract (Refs & Annos)

West's Ann.Cal.Com.Code § 2314

§ 2314. Implied warranty; merchantability; usage of trade

Currentness

(1) Unless excluded or modified (Section 2316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. Under this section the serving for value of food or drink to be consumed either on the premises or elsewhere is a sale.

(2) Goods to be merchantable must be at least such as

(a) Pass without objection in the trade under the contract description; and

(b) In the case of fungible goods, are of fair average quality within the description; and

(c) Are fit for the ordinary purposes for which such goods are used; and

(d) Run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and

(e) Are adequately contained, packaged, and labeled as the agreement may require; and

(f) Conform to the promises or affirmations of fact made on the container or label if any.

(3) Unless excluded or modified (Section 2316) other implied warranties may arise from course of dealing or usage of trade.

**Credits**
(Stats.1963, c. 819, § 2314.)

**Editors' Notes**

**VALIDITY**

*Commercial Code §§ 2314 and 2315 were recognized as preempted by federal maritime law, as to claims for breach of duty to cruise ship passengers in navigable waters, in the decision of Morris v. Princess Cruises, Inc., C.A.9 (Cal.)2001, 236 F.3d 1061.*

## CALIFORNIA CODE COMMENT

### 2002 Main Volume

<By John A. Bohn and Charles J. Williams>

Prior California Law

1. The first sentence of subdivision (1) continues the basic policy of former Civil Code § 1735(2), but is broader in that it does not limit the implied warranty of merchantability to goods sold by description. Under subdivision (1) the warranty arises under this section if "the seller is a merchant with respect to goods of that kind" while under former Civil Code § 1735(2) the warranty arose when the seller was one who dealt "in goods of that description."

The second sentence of subdivision (1), defining as a sale the serving of food and drink, is in accord with prior California case law. Klein v. Duchess Sandwich Co., 14 Cal.2d 272, 93 P.2d 799 (1939) and Mix v. Ingersoll Candy Co., 6 Cal.2d 674, 59 P.2d 144 (1936).

2. Subdivision (2) gives minimal standards for "merchantable quality." There were no such standards listed in former Civil Code § 1735 (2). However certain minimal requirements were developed by California decisions. For example, see Burr v. Sherwin Williams, 42 Cal.2d 682, 268 P.2d 1041 (1954) and Moore v. Hubbard & Johnson Lbr. Co., 149 Cal.App.2d 236, 308 P.2d 794 (1957).

3. Subdivision (2)(a) is in accord with prior California law as expressed in Burr v. Sherwin Williams, 42 Cal.2d 682, 268 P.2d 1041 (1954) ("goods . . . which are capable of passing in the market under the name or description by which they were sold.") However, paragraph (a) requires that the goods pass "without objection." For a discussion of the possible significance of this phrase, see Ezer, The Impact of The Uniform Commercial Code on The California Law of Sales Warranties, 8 U.C.L.A.L.Rev. 281, 293 (1961).

4. Subdivision (2)(b) changes California law as expressed in a case involving milk, Streff v. Gold Medal Creamery Co., 96 Cal.App. 18, 273 Pac. 831 (1928): "The requirement of merchantability . . . does not require that the goods . . be as good as the average of goods."; and Kenney v. Grogan, 17 Cal.App. 527, 120 Pac. 433 (1911) dealing with olives: "the requirement . . that the goods shall be merchantable, does not require that the goods . . . shall be as good as the average of goods of the sort."

5. Subdivision (2)(c) is in accord with prior California law as expressed in Simmons v. Rhodes & Jamieson, Ltd., 46 Cal.2d 190, 293 P.2d 26 (1956) (" 'Merchantable quality' means that the substance sold is reasonably suitable for the ordinary uses it was manufactured to meet"), and Burr v. Sherwin Williams Co., 42 Cal.2d 682, 268 P.2d 1041 (1954) ("goods which are reasonably suitable for the ordinary uses and purposes of goods of the general type described by the terms of the sale.")

6. Subdivision (2)(e) is in accord with prior California law as expressed in Stella v. Smith, 109 Cal.App. 409, 293 Pac. 656 (1930).

7. Paragraph (2)(f) is in substantial accord with prior California law as expressed in Burr v. Sherwin Williams, 42 Cal.2d 682, 268 P.2d 1041 (1954) and Lane v. C. A. Swanson & Sons, 130 Cal.App.2d 210, 278 P.2d 723 (1954). However, subdivision (2) (f) changes prior California law that such promises or affirmations of fact created *express* warranties. Burr v. Sherwin Williams, *supra*, and Lane v. C. A. Swanson & Sons, *supra*.

8. Subdivision (3) is in accord with but broadens former Civil Code § 1735(5). Under former Civil Code § 1735(5) usage of trade warranties were recognized. Subdivision (3) retains this warranty and adds a "course of dealing" warranty.

9. For a detailed analysis of section 2314 and prior California law, see Ezer, The Impact of The Uniform Commercial Code on The California Law of Sales Warranties, 8 U.C.L.A.L.Rev. 281, 292 (1961).

Changes from U.C.C. (1962 Official Text)

10. This is section 2-314 of the Official Text without change.

## UNIFORM COMMERCIAL CODE COMMENT

**Prior Uniform Statutory Provision:**

Section 15(2), Uniform Sales Act.

**Changes:** Completely rewritten.

**Purposes of Changes:** This section, drawn in view of the steadily developing case law on the subject, is intended to make it clear that:

1. The seller's obligation applies to present sales as well as to contracts to sell subject to the effects of any examination of specific goods. (Subsection (2) of Section 2-316). Also, the warranty of merchantability applies to sales for use as well as to sales for resale.

2. The question when the warranty is imposed turns basically on the meaning of the terms of the agreement as recognized in the trade. Goods delivered under an agreement made by a merchant in a given line of trade must be of a quality comparable to that generally acceptable in that line of trade under the description or other designation of the goods used in the agreement. The responsibility imposed rests on any merchant-seller, and the absence of the words "grower or manufacturer or not" which appeared in Section 15(2) of the Uniform Sales Act does not restrict the applicability of this section.

3. A specific designation of goods by the buyer does not exclude the seller's obligation that they be fit for the general purposes appropriate to such goods. A contract for the sale of second-hand goods, however, involves only such obligation as is appropriate to such goods for that is their contract description. A person making an isolated sale of goods is not a "merchant" within the meaning of the full scope of this section and, thus, no warranty of merchantability would apply. His knowledge of any defects not apparent on inspection would, however, without need for express agreement and in keeping with the underlying reason of the present section and the provisions on good faith, impose an obligation that known material but hidden defects be fully disclosed.

4. Although a seller may not be a "merchant" as to the goods in question, if he states generally that they are "guaranteed" the provisions of this section may furnish a guide to the content of the resulting express warranty. This has particular significance in the case of second-hand sales, and has further significance in limiting the effect of fine-print disclaimer clauses where their effect would be inconsistent with large-print assertions of "guarantee".

5. The second sentence of subsection (1) covers the warranty with respect to food and drink. Serving food or drink for value is a sale, whether to be consumed on the premises or elsewhere. Cases to the contrary are rejected. The principal warranty is that stated in subsections (1) and (2)(c) of this section.

6. Subsection (2) does not purport to exhaust the meaning of "merchantable" nor to negate any of its attributes not specifically mentioned in the text of the statute, but arising by usage of trade or through case law. The language used is "must be at least such as . . .," and the intention is to leave open other possible attributes of merchantability.

§ 2314. Implied warranty; merchantability; usage of trade, CA COML § 2314

7. Paragraphs (a) and (b) of subsection (2) are to be read together. Both refer, as indicated above, to the standards of that line of the trade which fits the transaction and the seller's business. "Fair average" is a term directly appropriate to agricultural bulk products and means goods centering around the middle belt of quality, not the least or the worst that can be understood in the particular trade by the designation, but such as can pass "without objection." Of course a fair percentage of the least is permissible but the goods are not "fair average" if they are all of the least or worst quality possible under the description. In cases of doubt as to what quality is intended, the price at which a merchant closes a contract is an excellent index of the nature and scope of his obligation under the present section.

8. Fitness for the ordinary purposes for which goods of the type are used is a fundamental concept of the present section and is covered in paragraph (c). As stated above, merchantability is also a part of the obligation owing to the purchaser for use. Correspondingly, protection, under this aspect of the warranty, of the person buying for resale to the ultimate consumer is equally necessary, and merchantable goods must therefore be "honestly" resalable in the normal course of business because they are what they purport to be.

9. Paragraph (d) on evenness of kind, quality and quantity follows case law. But precautionary language has been added as a reminder of the frequent usages of trade which permit substantial variations both with and without an allowance or an obligation to replace the varying units.

10. Paragraph (e) applies only where the nature of the goods and of the transaction require a certain type of container, package or label. Paragraph (f) applies, on the other hand, wherever there is a label or container on which representations are made, even though the original contract, either by express terms or usage of trade, may not have required either the labelling or the representation. This follows from the general obligation of good faith which requires that a buyer should not be placed in the position of reselling or using goods delivered under false representations appearing on the package or container. No problem of extra consideration arises in this connection since, under this Article, an obligation is imposed by the original contract not to deliver mislabeled articles, and the obligation is imposed where mercantile good faith so requires and without reference to the doctrine of consideration.

11. Exclusion or modification of the warranty of merchantability, or of any part of it, is dealt with in the section to which the text of the present section makes explicit precautionary references. That section must be read with particular reference to its subsection (4) on limitation of remedies. The warranty of merchantability, wherever it is normal, is so commonly taken for granted that its exclusion from the contract is a matter threatening surprise and therefore requiring special precaution.

12. Subsection (3) is to make explicit that usage of trade and course of dealing can create warranties and that they are implied rather than express warranties and thus subject to exclusion or modification under Section 2-316. A typical instance would be the obligation to provide pedigree papers to evidence conformity of the animal to the contract in the case of a pedigreed dog or blooded bull.

13. In an action based on breach of warranty, it is of course necessary to show not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained. In such an action an affirmative showing by the seller that the loss resulted from some action or event following his own delivery of the goods can operate as a defense. Equally, evidence indicating that the seller exercised care in the manufacture, processing or selection of the goods is relevant to the issue of whether the warranty was in fact broken. Action by the buyer following an examination of the goods which ought to have indicated the defect complained of can be shown as matter bearing on whether the breach itself was the cause of the injury.

**Cross References:**

Point 1: Section 2-316.

§ 2314. Implied warranty; merchantability; usage of trade, CA COML § 2314

Point 3: Sections 1-203 and 2-104.

Point 5: Section 2-315.

Point 11: Section 2-316.

Point 12: Sections 1-201, 1-205 and 2-316.

**Definitional Cross References:**

"Agreement". Section 1-201.

"Contract". Section 1-201.

"Contract for sale". Section 2-106.

"Goods". Section 2-105.

"Merchant". Section 2-104.

"Seller". Section 2-103.

Notes of Decisions (218)

West's Ann. Cal. Com. Code § 2314, CA COML § 2314
Current with all 2012 Reg.Sess. laws, Gov.Reorg.Plan No. 2 of 2011-2012, and all propositions on 2012 ballots.

**End of Document**                    © 2013 Thomson Reuters. No claim to original U.S. Government Works.