# Exhibit B

1    KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
     MARCUS S. TOPEL (SBN 54702)
2    Email: mtopel@kasowitz.com
     DANIEL F. COOK (SBN 70484)
3    Email: dcook@kasowitz.com
     JACOB N. FOSTER (SBN 250785)
4    Email:  jfoster@kasowitz.com
     101 California Street, Suite 2300
5    San Francisco, California 94111
     Telephone:     (415) 421-6140
6    Facsimile:      (415) 398-5030

7    Counsel for Plaintiffs
     ANHEUSER-BUSCH COMPANIES, LLC and
8    ANHEUSER-BUSCH, LLC

9                       UNITED STATES DISTRICT COURT

10                     EASTERN DISTRICT OF CALIFORNIA

11

12
     ANHEUSER-BUSCH COMPANIES, LLC, a          Case No.
13   Delaware limited liability company, and
     ANHEUSER-BUSCH, LLC, a Missouri           **COMPLAINT FOR;**
14   limited liability company,
                                                  1. **BREACH OF CONTRACT**
15                   Plaintiffs,                  2. **MISAPPROPRIATION OF**
                                                     **TRADE SECRETS**
16         v.                                     3. **RETURN OF PERSONAL**
                                                     **PROPERTY**
17   JAMES ALAN CLARK, an individual,

18                   Defendant.                 **DEMAND FOR JURY TRIAL**

19

20

21

22

23

24

25

26

27

28

_____
                               COMPLAINT

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

Plaintiffs Anheuser-Busch Companies, LLC and Anheuser-Busch, LLC (hereinafter referred to collectively as "Anheuser-Busch" or the "Company"), by and through its undersigned attorneys, allege, upon knowledge as to their own acts and otherwise upon information and belief, as follows:

## OVERVIEW

1.     This action for breach of contract, misappropriation of trade secrets, and return of personal property, seeks to redress the misappropriation of Anheuser-Busch's confidential, proprietary, and/or trade secret information by a former employee, James Alan Clark ("Clark" or "Defendant").

2.     Defendant Clark is a former employee of Anheuser-Busch, having been employed from or about November 2, 1998 until June 9, 2012.  During these time periods, Clark worked in several Anheuser-Busch facilities, including but not limited to, breweries in (1) Columbus, Ohio; (2) Van Nuys, California; (3) Fort Collins, Colorado; (4) Fairfield, California; and (5) St. Louis, Missouri.  Clark had access to Anheuser-Busch's confidential, proprietary, and/or trade secret information and documents.

3.     In addition to his duty of loyalty to his employer, Anheuser-Busch, Clark signed an "Employee Agreement As To Intellectual Property and Confidentiality" ("Confidentiality Agreement") on two separate occasions.  True and correct copies of the Confidentiality Agreements are attached hereto as Exhibits A and B, respectively.  Clause Number 6 of these Confidentiality Agreements (the same except for different dates of execution) prohibited Clark from removing confidential information from the premises of the Company except for Company business, and required Clark to return all confidential material to Anheuser-Busch upon the termination of his employment.

4.     Clause Number 7 of the Confidentiality Agreements also prohibited Clark, at any time during or after his employment at Anheuser-Busch, from using any confidential information for his own benefit or disclosing any confidential information to anyone outside the Company. Clause Numbers 1(b) and 1(e) of the Confidentiality Agreements defined confidential information and trade secrets.  Clause Number 7 of the Confidentiality Agreements also required Clark, upon

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1  request for a period of three years following the termination of his employment with the

2  Company, to certify under oath in writing that he had not disclosed or used in any way any

3  confidential information.  There can be no confusion on Clark's part regarding the clear meaning

4  of these provisions, particularly because Clark now is an attorney licensed to practice law in the

5  State of California.

6       5.     On information and belief, Clark began preparing to leave the Company in 2012.

7  Upon information and belief, up until the date of his departure from Anheuser-Busch on or about

8  June 9, 2012, and continuing thereafter, Clark engaged in a series of acts designed to

9  misappropriate Anheuser-Busch's confidential, proprietary, and/or trade secret information.  Upon

10  information and belief, Clark improperly obtained, used, transferred, and/or otherwise

11  disseminated confidential, proprietary, and/or trade secret information owned by Anheuser-Busch

12  in violation of his obligations and without Anheuser-Busch's consent.  Clark did not return any

13  such information to Anheuser-Busch upon his termination, as he was required to do under the

14  terms of his Confidentiality Agreements.

15       6.     On February 8, 2013, Anheuser-Busch invoked the certification provision of

16  Clark's Confidentiality Agreements, and requested that Clark provide a written certification under

17  oath that he had not used or disclosed, in any way, any confidential, proprietary, and/or trade

18  secret information learned or obtained during his employment.  Clark has refused to provide the

19  written certification under oath to Anheuser-Busch.  Instead, Clark has only denied, in a February

20  19, 2013 letter from his lawyer (not under oath), that he has provided any Anheuser-Busch

21  *competitor, vendor or supplier* with any Anheuser-Busch trade secret or confidential information

22  *since the end of his employment with the Company.*  No written certification under oath, as

23  required by Clause 7 of the Confidentiality Agreements, has been provided to the Company stating

24  that Clark has not disclosed or used, in any way, any Company confidential information.

25       7.     While Anheuser-Busch respects the rights of its employees to resign from the

26  Company and/or seek alternative sources of employment, it cannot abide the misappropriation or

27  other improper use of its confidential, proprietary, and/or trade secret information.  Anheuser-

28  Busch, to protect its confidential, proprietary, and/or trade secret information, has no choice but to

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

2

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1  file this complaint and seek (1) preliminary and final injunctive relief against Clark to prevent any

2  further improper disclosure or use of Anheuser-Busch confidential, proprietary, and/or trade secret

3  information; (2) preliminary and final injunctive relief against him requiring he disclose (a) the

4  names of all persons and or entities to whom he made improper disclosures or use of confidential

5  information (either during or after the termination of his employment at the Company), (b) the

6  dates and locations of any such disclosures, (c) a description of the confidential, proprietary,

7  and/or trade secret information disclosed, (d) any communications regarding or relating to such

8  disclosures, and (e) similar disclosures as to any improper use of such confidential information by

9  Clark; (3) return of any documents or information that contain Anheuser-Busch confidential,

10  proprietary, and/or trade secrets information that remain in Clark's possession or in his custody or

11  control; (4) compensatory damages for the harm proximately caused by Clark's breach of the

12  Confidentiality Agreements; and (5) punitive damages to punish and deter Clark's breach of the

13  Confidentiality Agreements.

14  **JURISDICTION AND VENUE**

15         8.      Subject matter jurisdiction exists in this Court under 18 U.S.C. § 1332.  Plaintiff

16  Anheuser-Busch, LLC is a limited liability company organized under the laws of the State of

17  Missouri, and Plaintiff Anheuser-Busch Companies, LLC is its sole member.  Plaintiff Anheuser-

18  Busch Companies, LLC is a limited liability company organized under the laws of the State of

19  Delaware.  Anheuser-Busch Companies, LLC's sole member, Anheuser-Busch InBev Worldwide

20  Inc., is a Delaware corporation with its principal place of business in St. Louis, Missouri.  Thus,

21  Plaintiffs are citizens of Delaware and Missouri.  Defendant Clark is a citizen of California.  There

22  is complete diversity between Plaintiffs and Defendant, and the amount in controversy exceeds

23  $75,000.

24        9.      Venue in this district is proper because the primary business and residence of

25  Defendant Clark is within this district and part of the events, acts, and omissions constituting

26  Clark's unlawful taking of Anheuser-Busch's confidential, proprietary, and/or trade secret

27  information was carried on within this district.

28

3
COMPLAINT

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

## THE PARTIES

10.     Anheuser-Busch Companies, LLC (as successor in interest to Anheuser-Busch Companies, Inc.) is a Delaware limited liability company with its principal place of business in St. Louis, Missouri.  Anheuser-Busch, LLC (as successor in interest to Anheuser-Busch, Inc.) is a Missouri limited liability company with its principal place of business in St. Louis, Missouri.

11.     Defendant Clark is a citizen of the State of California, with his place of business and primary residence in Sacramento, California.

## FACTS

12.     After great expenditures of time, money, and effort, Anheuser-Busch has developed many distinctive and proprietary techniques and innovations, as well as trademarks and designs. Anheuser-Busch has used and continues to use this confidential, proprietary, and/or trade secret information in connection with its business activities.

13.     Clark was employed by Anheuser-Busch from or about November 2, 1998 through June 9, 2012.  During this time period, Clark worked out of at least five Anheuser-Busch breweries, as set forth in Paragraph 2 above.  Clark had access to Anheuser-Busch's confidential, proprietary, and/or trade secret information.

14.     In connection with Clark's hiring and continued employment, Clark twice signed an "Employee Agreement As To Intellectual Property and Confidentiality."  The Confidentiality Agreements (the same except for different dates of execution) provide that, upon termination of his employment with Anheuser-Busch, Clark would return all Anheuser-Busch confidential information and would not make or keep copies, and would not disclose any Anheuser-Busch confidential, proprietary, and/or trade secret information to anyone.

15.     Clause Number 6 of the Confidentiality Agreements is entitled "RETURN OF TANGIBLE PROPERTY" and explicitly imposes the following obligation upon Clark:

> All tangible property in my custody or possession including, but not limited to,
> biological materials, models, writings, records, drawings, blueprints, notebooks,
> or documents, containing any Confidential Information, Invention or which
> embodies a Copyright Work is the exclusive property of the Company, shall not

4

COMPLAINT

1  be copied or removed from the premises of the Company except for Company

2  business, and shall be delivered to the Company without keeping any copies or

3  any portions thereof on the termination of my employment.

4      16.    Clause Number 7 of the Confidentiality Agreements is entitled

5  "NONDISCLOSURE OF CONFIDENTIAL INFORMATION" and explicitly imposes the

6  obligation on Clark to certify compliance with the Confidentiality Agreements:

7      Unless the Company consents or directs me otherwise in writing, I will not at any

8      time during or after my employment with the Company use any Confidential

9      Information for my own benefit or disclose any Confidential Information to

10      anyone outside the Company or to any employee of the Company not also having

11      authorized access to such Confidential Information nor shall I direct anyone else

12      to do such things.  In addition, for a period of three (3) years following the

13      termination of my employment with the Company and upon its request, I will

14      certify under oath in writing that I have not disclosed or used in any way any

15      Confidential Information.

16      17.    Clause Number 1(b) of the Confidentiality Agreements defines confidential

17  information as follows:

18      "Confidential information" means any information, including but not limited to a

19      Trade Secret, disclosed to me or known by me (1) through or in the course of my

20      employment with the Company, (2) not generally known outside the Company,

21      and (3) relating to the actual or anticipated business of the Company.

22      18.    Clause Number 1(e) of the Confidentiality Agreements defines trade secret as

23  follows:

24      "Trade secret" means information, including a formula, pattern, drawing,

25      compilation, program, device, method, technique, process, cost data or customer

26      list, that (1) derives economic value, actual or potential, from not being generally

27      known to the public or to persons who can obtain economic value from its

28      disclosure or use and (ii) is the subject of efforts that are reasonable under the

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

5

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1     circumstances to maintain its secrecy.

2     19.     Further, under Clause Number 9 of the Confidentiality Agreements, defendant

3 Clark acknowledged by signing that "I agree that my failure to perform any obligation in this

4 Agreement will cause immediate and irreparable damage to the Company, that there is no

5 adequate remedy at law for such failure, and that in the event of such failure the Company shall be

6 entitled to injunctive relief and such other relief as may be just and proper."

7     20.     Clark is particularly aware of his contractual confidentiality obligations because he

8 is now licensed as an attorney in the State of California. Although Clark was not employed in a

9 legal capacity by Anheuser-Busch, he sought and obtained his legal degree and California State

10 Bar license during the time that he was employed with the Company. On information and belief,

11 Clark is currently practicing law as an attorney.

12     21.     Despite Clark's knowledge that Anheuser-Busch seeks to protect the confidentiality

13 of its confidential, proprietary, and/or trade secret information, and ensure that such information is

14 protected from disclosure, Anheuser-Busch alleges, upon information and belief, that Clark

15 obtained and removed, otherwise misappropriated and wrongfully kept, disclosed, and/or used

16 such Company confidential, proprietary, and/or trade secret information, prior to the termination

17 of his employment, and since the termination of his employment. Upon information and belief,

18 Clark did these acts surreptitiously and without Anheuser-Busch's knowledge or consent. Clark

19 did not notify Anheuser-Busch nor did he deliver any such confidential, proprietary, and/or trade

20 secret information to Anheuser-Busch upon the termination of his employment. Upon information

21 and belief, Anheuser-Busch alleges that Clark's conduct not only violated his duty of loyalty to

22 Anheuser-Busch, but also violated his contractual and legal obligations to Anheuser-Busch. On

23 information and belief, Clark has wrongfully misappropriated, disclosed, disseminated, and/or

24 used Anheuser-Busch's confidential, proprietary, and/or trade secret information.

25     22.     On February 8, 2013, Anheuser-Busch invoked the certification provision of

26 Clark's Confidentiality Agreements due to its belief that Clark violated the provisions of his

27 Confidentiality Agreements by improperly using or disclosing, in any way, confidential, propriety,

28 and/or trade secret information of the Company. Anheuser-Busch's written correspondence to

1    Clark requested Clark to "return forthwith any confidential Anheuser-Busch materials in your

2    possession in hard copy or electronic form or any other form." Anheuser-Busch's letter also

3    requested that Clark "certify, under oath and in writing, that you have not disclosed or used in any

4    way confidential information learned or obtained during your employment." Anheuser-Busch's

5    letter enclosed copies of Clark's signed Confidentiality Agreements, which require Clark to so

6    certify.

7           23.     Clark has refused to provide the written certification under oath to Anheuser-

8    Busch.   Instead, Clark has only denied, in a February 19, 2013 letter from his lawyer (not under

9    oath), that he has provided any Anheuser-Busch *competitor, vendor or supplier* with any

10   Anheuser-Busch trade secret or confidential information *since the end of his employment with the*

11   *Company.* Clark has not, as of this date of this complaint, provided to the Company any written

12   certification under oath, as required by Clause 7 of the Confidentiality Agreements, that Clark has

13   not disclosed or used, in any way, any Company confidential information.

14                              **FIRST CLAIM FOR RELIEF**

15                              **FOR BREACH OF CONTRACT**

16          24.     Anheuser-Busch realleges paragraphs 1-23, above, and incorporates them as if fully

17   set forth herein.

18          25.     As a condition of his employment with Anheuser-Busch, Clark twice signed and

19   agreed to be bound by the terms of an "Employee Agreement As To Intellectual Property and

20   Confidentiality." The Confidentiality Agreements constitute valid, binding, and enforceable

21   contracts that require Clark to maintain the secrecy of Anheuser-Busch's confidential, proprietary,

22   and/or trade secret information, and to return all such information, documents, and property of

23   Anheuser-Busch upon the termination of Clark's employment.

24          26.     At all relevant times, Anheuser-Busch performed its duties with respect to the

25   Confidentiality Agreements.

26          27.     Upon information and belief, defendant Clark breached and has continued to breach

27   his obligations to maintain the confidentiality of Anheuser-Busch's confidential, proprietary,

28   and/or trade secret information under the Confidentiality Agreements. Upon information and

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

7

1    belief, Clark breached his contractual obligations by (a) taking information belonging to

2    Anheuser-Busch without its knowledge or authorization, and for reasons unrelated to his

3    performance of his duties with Anheuser-Busch, (b) failing to return Anheuser-Busch's

4    confidential information upon the termination of Clark's employment, and/or (c) on information

5    and belief, wrongfully using, disseminating, or disclosing Anheuser-Busch's confidential,

6    proprietary, and/or trade secret information.

7         28.    On February 8, 2013, Anheuser-Busch invoked the certification provision of

8    Clark's Confidentiality Agreements due to its belief that Clark violated the provisions of his

9    Confidentiality Agreements by improperly using or disclosing, in any way, confidential, propriety,

10   and/or trade secret information of the Company. Anheuser-Busch's written correspondence to

11   Clark requested Clark to "return forthwith any confidential Anheuser-Busch materials in your

12   possession in hard copy or electronic form or any other form." Anheuser-Busch's letter also

13   requested that Clark "certify, under oath and in writing, that you have not disclosed or used in any

14   way confidential information learned or obtained during your employment." Anheuser-Busch's

15   letter enclosed copies of Clark's signed Confidentiality Agreements, which require Clark to so

16   certify.

17        29.    Clark has refused to provide the written certification under oath to Anheuser-

18   Busch.  Instead, Clark has only denied, in a February 19, 2013 letter from his lawyer (not under

19   oath), that he has provided any Anheuser-Busch *competitor, vendor or supplier* with any

20   Anheuser-Busch trade secret or confidential information *since the end of his employment with the*

21   *Company.* Clark has not, as of this date of this complaint, provided to the Company any written

22   certification under oath, as required by Clause 7 of the Confidentiality Agreements, that Clark has

23   not disclosed or used, in any way, any Company confidential information.  As such, Clark has

24   further breached the terms of his Confidentiality Agreements by refusing to provide the required

25   certification provided for in Clause Number 7.

26        30.    As a direct and proximate result of the wrongful conduct by Defendant Clark,

27   Anheuser-Busch has suffered and continues to suffer irreparable harm and injury and economic

28   damages.  Such damages include, but are not limited to, (1) the value of the Company

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1  confidential, proprietary, and/or trade secret information wrongfully disclosed or used and harm

2  caused by such wrongful disclosure and/or use and (2) legal expenses incurred as a foreseeable

3  consequence of Clark's breach of his contractual obligations not to improperly disclose or use, in

4  any way, Anheuser-Busch's confidential, proprietary, and/or trade secrets information.

5  <u>**SECOND CLAIM FOR RELIEF**</u>

6  <u>**FOR MISAPPROPRIATION OF TRADE SECRETS**</u>

7  31.     Anheuser-Busch realleges paragraphs 1-30, above, and incorporates them as if fully

8  set forth herein.

9  32.     Anheuser-Busch enjoys an advantage over its existing and potential future

10  competitors due to the trade secret information it has developed in becoming the leading American

11  brewer.

12  33.     Anheuser-Busch has made reasonable efforts under the circumstances to preserve

13  the confidentiality of its trade secrets.  Such information derives economic value from not being

14  known to members of the general public or to other persons who may be able to obtain economic

15  value from the disclosure and/or use of Anheuser-Busch's trade secrets.  For these reasons,

16  Anheuser-Busch's confidential information is defined and protected as "trade secrets" under

17  California's Uniform Trade Secret Act (Cal. Civ. Code § 3426 *et seq*.).

18  34.     Pursuant to Clark's Confidentiality Agreements, Clark was and remains under a

19  duty to keep Anheuser-Busch's confidential, proprietary, and/or trade secret information secret

20  and not improperly disclose or use it in any way.  Upon information and belief, Anheuser-Busch

21  alleges that by wrongfully taking, disclosing and/or using such confidential trade secret

22  information, Clark has knowingly misappropriated, disclosed, and wrongfully used Anheuser-

23  Busch trade secrets in breach of his Confidentiality Agreements and duty of loyalty to Anheuser-

24  Busch.  Clark's actions constitute willful misappropriation of trade secrets under California's

25  Uniform Trade Secret Act.

26  35.     Clark's misappropriation was and is being carried out without the express or

27  implied consent of Anheuser-Busch.

28

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

36.     Clark's misappropriation is causing and will cause irreparable harm to Anheuser-Busch unless and until it is enjoined by the Court.  Anheuser-Busch has suffered the loss of its intellectual property as well as the potential loss of its current and future business and sales.

37.     Anheuser-Busch has no adequate remedy at law for the injuries being suffered because it will be difficult to quantify in dollars the losses described above, Clark's wrongful conduct is ongoing, and Clark will continue to engage in his acts of misappropriation unless he is enjoined from engaging in any further acts of misappropriation.

38.     As a direct and proximate result of the wrongful conduct by Defendant Clark, Anheuser-Busch has suffered and continues to suffer irreparable harm and injury and economic damages.  Such damages include, but are not limited to, (1) the value of the Company confidential, proprietary, and/or trade secret information wrongfully disclosed or used and harm caused by such wrongful disclosure and/or use and (2) legal expenses incurred as a foreseeable consequence of Clark's breach of his contractual obligations not to improperly disclose or use, in any way, Anheuser-Busch's confidential, proprietary, and/or trade secrets information.

39.     Each of the acts of misappropriation was done willfully and maliciously by Clark, thereby entitling Anheuser-Busch to punitive or exemplary damages, and/or attorneys fees pursuant to California Civil Code § 3246.3(c).

### THIRD CLAIM FOR RELIEF

### FOR RETURN OF PERSONAL PROPERTY

40.     Anheuser-Busch realleges paragraphs 1-39, above, and incorporates them as if fully set forth herein.

41.     California Civil Code § 3380 provides that "[a]ny person having the possession or control of a particular article of personal property, of which he is not the owner, may be compelled specifically to deliver it to the person entitled to its immediate possession."  California Civil Code § 3379 provides that "[a] person entitled to the immediate possession of specific personal property may recover the same in the manner provided by the Code of Civil Procedure."  Code of Civil Procedure § 667 provides for an action to recover personal property and the California claim and delivery sections of the Code of Civil Procedure (Cal. Code of Civ. P. § 511.010 *et seq.*) provide

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

1  for the issuance of a writ of possession to compel the return of personal property as a provisional

2  remedy.

3        42.    Upon the termination of Defendant Clark's employment on or about June 9, 2012,

4  Anheuser-Busch was, and still is, entitled to the immediate possession of all Anheuser-Busch

5  confidential, proprietary, and/or trade secret information that was within Clark's possession or

6  control, including but not limited to, any biological materials, models, writings, records, drawings,

7  blueprints, notebooks, or documents.

8        43.    Upon information and belief, upon the termination of Defendant Clark's

9  employment on or about June 9, 2012, Clark wrongfully and without Anheuser-Busch's consent

10 took possession of confidential, proprietary, and/or trade secret information belonging to

11 Anheuser-Busch.  Since that date, Clark has been, and now is, in wrongful possession of such

12 property in violation of Anheuser-Busch's right to immediate possession.  On information and

13 belief, Clark disclosed confidential, proprietary, and/or trade secret information to others before or

14 after his departure from the Company, and such information and/or materials remains in Clark's

15 control.

16       44.    As a direct and proximate result of the wrongful conduct by Defendant Clark,

17 Anheuser-Busch has suffered and continues to suffer irreparable harm and injury and economic

18 damages.  Such damages include, but are not limited to, (1) the value of the Company

19 confidential, proprietary, and/or trade secret information wrongfully disclosed or used and harm

20 caused by such wrongful disclosure and/or use and (2) legal expenses incurred as a foreseeable

21 consequence of Clark's breach of his contractual obligations not to improperly disclose or use, in

22 any way, Anheuser-Busch's confidential, proprietary, and/or trade secrets information.

23       45.    In taking, wrongfully possessing, and detaining Anheuser-Busch property, the

24 conduct of Clark is despicable conduct that was carried on with a willful and conscious disregard

25 of the rights of Anheuser-Busch that has subjected Anheuser-Busch to cruel and unjust hardship in

26 conscious disregard of its rights.  Anheuser-Busch is accordingly entitled to an award of punitive

27 or exemplary damages, including, but not limited to an award of exemplary damages under

28 California Civil Code § 3294.

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 CALIFORNIA STREET, SUITE 2300
SAN FRANCISCO, CALIFORNIA 94111

## PRAYER FOR RELIEF

**WHEREFORE**, Anheuser-Busch prays for judgment against Clark, as follows:

46.     For possession of personal property as requested herein;

47.     As a direct and proximate result of the wrongful conduct by Defendant Clark, Anheuser-Busch has suffered and continues to suffer irreparable harm and injury and seeks preliminary relief against Clark in the form of claim and delivery of personal property, including but not limited to, the issuance of a writ of possession to compel the return of personal property under California Code of Civil Procedure §§ 511.010 *et seq*.;

48.     As a direct and proximate result of the wrongful conduct by Defendant Clark, Anheuser-Busch has suffered and continues to suffer irreparable harm and injury and seeks preliminary and permanent injunctive relief against Clark that: (1) orders him immediately restrained from obtaining, accessing, using, restraining, or disclosing to anyone any of Anheuser-Busch's data, documents, and/or property taken from or belonging to Anheuser-Busch that is in any such person's possession, custody, or control; (2) orders him immediately restrained from accessing, retrieving, copying, transmitting, or disclosing any copies of Anheuser-Busch's data, documents, or copies taken from or belonging to Anheuser-Busch; (3) orders him, as to any improper disclosure or use, to disclose (a) the names of all persons and or entities to whom they made improper disclosures of confidential, proprietary, and/or trade secret information (either during or after the termination of his employment at the Company), (b) the dates and locations of any such disclosures, (c) a description of the confidential, proprietary, and/or trade secret information disclosed, (d) any communications regarding or relating to such disclosures, and, (e) similar disclosures as to any improper use of such confidential information by Clark; and, (4) orders him to immediately return of all personal property belonging to Anheuser-Busch, in forensically sound fashion and preserving all metadata;

49.     For compensatory and punitive damages, including but not limited to, an award of exemplary damages under California Civil Code § 3246.3 and § 3294;

50.     For reasonable attorneys' fees, and all costs, expenses and disbursements, including, without limitation, filing fees and reasonable costs of suit, including but not limited to,

12

1   an award of attorneys' fees, costs, expenses and disbursements under California Civil Code

2   § 3246.3(c);

3        51.     For court approval of expedited discovery from Clark; and

4        52.     For such other and further relief as this Court deems just and proper.

5                          **DEMAND FOR JURY TRIAL**

6        Anheuser-Busch hereby demands a jury trial on all claims for relief.

7
8   DATED:  March 1, 2013

                          KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

9
10
                  By:           /S/
11                        MARCUS S. TOPEL
                          Counsel for Plaintiffs
12                        ANHEUSER-BUSCH COMPANIES, LLC and
                          ANHEUSER-BUSCH, LLC
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KASOWITZ, BENSON, TORRES & FRIEDMAN, LLP
101 California Street, Suite 2300
San Francisco, California 94111

# EXHIBIT A

 **ANHEUSER-BUSCH COMPANIES**

Employee Agreement
As To Intellectual Property and Confidentiality

## 1. DEFINITIONS.

(a) "Company" means Anheuser-Busch Companies, Inc., its subsidiaries, divisions and affiliates, and successors to any of them;

(b) "Confidential Information" means any information, including but not limited to a Trade Secret, disclosed to me or known by me (1) through or in the course of my employment with the Company, (2) not generally known outside the Company, and (3) relating to the actual or anticipated business of the Company.

(c) "Invention" means any new or useful discovery or improvement relating to any article, product, process, design, device, biological material, or machinery, whether or not patentable, and all related know-how, made or conceived by me alone or with others during the course of my employment with the Company which (1) relates to the actual or anticipated business of the Company at the time of the conception or (2) results from or is suggested by any work which I have done or may do for the Company or (3) is made or conceived, either in part or entirely, on time for which I was paid by the Company or using resources of the Company.

(d) "Copyright Work" means any original work of authorship for which copyright protection is available and which I prepared within the scope of my employment.

(e) "Trade Secret" means information, including a formula, pattern, drawing, compilation, program, device, method, technique, process, cost data or customer list, that (1) derives economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

## 2. CONSIDERATION.

In consideration of my employment or continued employment by the Company and the salary or wages paid for my services during such employment, I agree to comply fully with the provisions of this Agreement.

## 3. NOTICE.

I will communicate to the Company promptly and fully any Invention.

## 4. OWNERSHIP OF RIGHTS.

The Company shall own any Confidential Information, Invention and Copyright Work. Copyright Work shall be a "work made for hire" under the copyright law, and the Company shall be the author of the Copyright Work. The Company's ownership rights in this Agreement shall be in addition to the Company's common law rights.

## 5. ASSIGNMENTS/APPLICATIONS.

Upon the request of the Company at any time during or after my employment, I will: (a) promptly assign any right title or interest I may have in and to any Confidential Information, Trade Secret, Invention or Copyright Work; (b) promptly and fully assist the Company in the preparation and filing of any patent, copyright or other application for the protection of any Invention or Copyright Work; and (c) promptly sign all lawful papers, take all lawful oaths and do all lawful acts requested by the Company in connection with the protection of any Confidential Information, Trade Secret, Invention or Copyright Work, at Company's cost.

## 6. RETURN OF TANGIBLE PROPERTY.

All tangible property in my custody or possession including, but not limited to, biological materials, models, writings, records, drawings, blueprints, notebooks, or documents, containing any Confidential Information, Invention or which embodies a Copyright Work is the exclusive property of the Company, shall not be copied or removed from the premises of the Company except for Company business, and shall be delivered to the Company without keeping any copies or any portions thereof on the termination of my employment.

### 7. NONDISCLOSURE OF CONFIDENTIAL INFORMATION.

Unless the Company consents or directs me otherwise in writing, I will not at any time during or after my employment with the Company use any Confidential Information for my own benefit or disclose any Confidential Information to anyone outside the Company or to any employee of the Company not also having authorized access to such Confidential Information nor shall I direct anyone else to do such things. In addition, for a period of three (3) years following the termination of my employment with the Company and upon its request, I will certify under oath in writing that I have not disclosed or used in any way any Confidential Information. After this three (3) year period, the obligation not to use or disclose Confidential Information which incorporates a Company Trade Secret will remain in full force and effect.

### 8. NONCOMPETITION DURING EMPLOYMENT.

During my employment with the Company, I will not directly or indirectly compete with the Company as an individual or as an employee of another entity in the development, production, marketing, performance or servicing of any product or service with which the Company is involved or becomes involved nor will I aid others in any such acts.

### 9. ENFORCEMENT OF OBLIGATIONS.

I agree that my failure to perform any obligation in this Agreement will cause immediate and irreparable damage to the Company, that there is no adequate remedy at law for such failure, and that in the event of such failure the Company shall be entitled to injunctive relief and such other relief as may be just and proper.

### 10. DISCLOSURE OF INVENTIONS.

(a) I represent that there are no unpatented inventions made or conceived by me before entering into employment with the Company which are related to the Company's business except those listed below, which inventions are excluded from this agreement.

(b) I agree to disclose all of my inventions which I believe are not Inventions as defined in this Agreement, made solely by me or jointly with others during the term of my employment, provided the Company agrees to receive the same in confidence.

### 11. SEVERABILITY.

If any part of this Agreement is declared void or unenforceable in any portion of the United States of America, such part is severable from this Agreement and remains in full force and effect for the geographic area in which the part is valid, and the remainder of this Agreement shall remain in full force and effect in all geographic areas.

### 12. SUPERSEDE PRIOR AGREEMENTS.

This Agreement by me supersedes any prior agreements by me relating generally to the same subject matter, if any, and shall be binding upon my heirs, executors, administrators or other legal representatives or assigns.

_11/2/98_
Date

_James Him Clark_
PRINT NAME

DISCLOSURE OF INVENTIONS
PRIOR TO EMPLOYMENT

_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_
SOCIAL SECURITY NUMBER

_James H Clark_
SIGNATURE

*(attach additional sheet if necessary)*

Int/WPPAMA/70

A-BC-1057   REV. 10/14/92

# EXHIBIT B



**ANHEUSER-BUSCH COMPANIES**

## Employee Agreement
## As To Intellectual Property and Confidentiality

### 1. DEFINITIONS.

(a) "Company" means Anheuser-Busch Companies, Inc., its subsidiaries, divisions and affiliates, and successors to any of them;

(b) "Confidential Information" means any information, including but not limited to a Trade Secret, disclosed to me or known by me (1) through or in the course of my employment with the Company, (2) not generally known outside the Company, and (3) relating to the actual or anticipated business of the Company.

(c) "Invention" means any new or useful discovery or improvement relating to any article, product, process, design, device, biological material, or machinery, whether or not patentable, and all related know-how, made or conceived by me alone or with others during the course of my employment with the Company which (1) relates to the actual or anticipated business of the Company at the time of the conception or (2) results from or is suggested by any work which I have done or may do for the Company or (3) is made or conceived, either in part or entirely, on time for which I was paid by the Company or using resources of the Company.

(d) "Copyright Work" means any original work of authorship for which copyright protection is available and which I prepared within the scope of my employment.

(e) "Trade Secret" means information, including a formula, pattern, drawing, compilation, program, device, method, technique, process, cost data or customer list, that (1) derives economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use and (ii) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

### 2. CONSIDERATION.

In consideration of my employment or continued employment by the Company and the salary or wages paid for my services during such employment, I agree to comply fully with the provisions of this Agreement.

### 3. NOTICE.

I will communicate to the Company promptly and fully any Invention.

### 4. OWNERSHIP OF RIGHTS.

The Company shall own any Confidential Information, Invention and Copyright Work. Copyright Work shall be a "work made for hire" under the copyright law, and the Company shall be the author of the Copyright Work. The Company's ownership rights in this Agreement shall be in addition to the Company's common law rights.

### 5. ASSIGNMENTS/APPLICATIONS.

Upon the request of the Company at any time during or after my employment, I will: (a) promptly assign any right title or interest I may have in and to any Confidential Information, Trade Secret, Invention or Copyright Work; (b) promptly and fully assist the Company in the preparation and filing of any patent, copyright or other application for the protection of any Invention or Copyright Work; and (c) promptly sign all lawful papers, take all lawful oaths and do all lawful acts requested by the Company in connection with the protection of any Confidential Information, Trade Secret, Invention or Copyright Work, at Company's cost.

### 6  RETURN OF TANGIBLE PROPERTY.

All tangible property in my custody or possession including, but not limited to, biological materials, models, writings, records, drawings, blueprints, notebooks, or documents, containing any Confidential Information, Invention or which embodies a Copyright Work is the exclusive property of the Company, shall not be copied or removed from the premises of the Company except for Company business, and shall be delivered to the Company without keeping any copies or any portions thereof on the termination of my employment.

## 7. NONDISCLOSURE OF CONFIDENTIAL INFORMATION.

Unless the Company consents or directs me otherwise in writing, I will not at any time during or after my employment with the Company use any Confidential Information for my own benefit or disclose any Confidential Information to anyone outside the Company or to any employee of the Company not also having authorized access to such Confidential Information nor shall I direct anyone else to do such things. In addition, for a period of three (3) years following the termination of my employment with the Company and upon its request, I will certify under oath in writing that I have not disclosed or used in any way any Confidential Information. After this three (3) year period, the obligation not to use or disclose Confidential Information which incorporates a Company Trade Secret will remain in full force and effect.

## 8. NONCOMPETITION DURING EMPLOYMENT.

During my employment with the Company, I will not directly or indirectly compete with the Company as an individual or as an employee of another entity in the development, production, marketing, performance or servicing of any product or service with which the Company is involved or becomes involved nor will I aid others in any such acts.

## 9  ENFORCEMENT OF OBLIGATIONS.

I agree that my failure to perform any obligation in this Agreement will cause immediate and irreparable damage to the Company, that there is no adequate remedy at law for such failure, and that in the event of such failure the Company shall be entitled to injunctive relief and such other relief as may be just and proper.

## 10. DISCLOSURE OF INVENTIONS.

(a) I represent that there are no unpatented inventions made or conceived by me before entering into employment with the Company which are related to the Company's business except those listed below, which inventions are excluded from this agreement.

(b) I agree to disclose all of my inventions which I believe are not Inventions as defined in this Agreement, made solely by me or jointly with others during the term of my employment, provided the Company agrees to receive the same in confidence.

## 11. SEVERABILITY.

If any part of this Agreement is declared void or unenforceable in any portion of the United States of America, such part is severable from this Agreement and remains in full force and effect for the geographic area in which the part is valid, and the remainder of this Agreement shall remain in full force and effect in all geographic areas.

## 12. SUPERSEDE PRIOR AGREEMENTS.

This Agreement by me supersedes any prior agreements by me relating generally to the same subject matter, if any, and shall be binding upon my heirs, executors, administrators or other legal representatives or assigns.

6-8-99
Date

JAmes WClark
PRINT NAME

DISCLOSURE OF INVENTIONS
PRIOR TO EMPLOYMENT

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
SOCIAL SECURITY NUMBER

(attach additional sheet if necessary)

SIGNATURE