# Exhibit B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS GREENBERG AND | : | CIVIL ACTION |
| GERALD GREENBERG, *on behalf of* | : | |
| *themselves and all others* | : | NO. 13-1016 |
| *similarly situated,* | : | |
| PLAINTIFFS, | : | |
| | : | |
| v. | : | CLASS ACTION |
| | : | |
| ANHEUSER-BUSCH COMPANIES, LLC , | : | |
| DEFENDANT. | : | JURY TRIAL DEMANDED |

## ORDER

**AND NOW,** this ____ day of _____, 2013, upon consideration of Plaintiffs' Motion to Stay Pending Decision of the United States Judicial Panel on Multidistrict Litigation, and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.

BY THE COURT:

_____

J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS GREENBERG AND | : | CIVIL ACTION |
| GERALD GREENBERG, *on behalf of* | : | |
| *themselves and all others* | : | NO. 13-1016 |
| *similarly situated,* | : | |
| PLAINTIFFS, | : | |
| | : | |
| v. | : | CLASS ACTION |
| | : | |
| ANHEUSER-BUSCH COMPANIES, LLC, | : | |
| DEFENDANT. | : | JURY TRIAL DEMANDED |

## PLAINTIFFS' MOTION TO STAY PENDING DECISION OF UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Plaintiffs Thomas Greenberg and Gerald Greenberg by and through their attorneys of record, hereby move this Honorable Court to stay the above captioned matter pending the decision of the United States Judicial Panel on Multidistrict Litigation for Coordinated or Consolidated Pre-Trial Proceedings pursuant to 28 U.S.C. § 1407. The bases for Plaintiffs' Motion to Stay are more fully set forth in the Memorandum of Law in Support hereof which is incorporated by reference, as fully as though herein set forth at length.

Respectfully submitted,

CAROSELLI BEACHLER MCTIERNAN & CONBOY

BY: s/DAVID S. SENOFF
    DAVID S. SENOFF, ESQUIRE
    LAUREN C. FANTINI, ESQUIRE

    1845 WALNUT STREET, FIFTEENTH FLOOR
    PHILADELPHIA, PENNSYLVANIA 19102
    T: (215) 609-1350/F: (215) 609-1351
    DSENOFF@CBMCLAW.COM
    LFANTINI@CBMCLAW.COM

    ATTORNEYS FOR PLAINTIFFS
    THOMAS GREENBERG AND
Date: April 2, 2013    GERALD GREENBERG AND THE PROPOSED CLASS

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS GREENBERG AND GERALD GREENBERG, *on behalf of themselves and all others similarly situated,* | : : : : | CIVIL ACTION |
| PLAINTIFFS, | : : | NO. 13-1016 |
| v. | : : | CLASS ACTION |
| ANHEUSER-BUSCH COMPANIES, LLC, DEFENDANT. | : : : | JURY TRIAL DEMANDED |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STAY PENDING DECISION OF UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

Plaintiffs, Thomas Greenberg and Gerald Greenberg, individually, and on behalf of all others similarly situated, respectfully move for a stay of all proceedings pending a decision of United States Judicial Panel on Multidistrict Litigation and, in support thereof, aver the following:

## I.   INTRODUCTION

This is one of eight substantially similar class actions filed against Defendant Anheuser-Busch Companies, LLC ("AB")[1], which actions are now subject to a motion before the Judicial Panel on Multidistrict Litigation ("JPML") to transfer all of the cases for consolidation or coordination pursuant to 28 U.S.C. § 1407. In order to conserve judicial resources, the Court should stay this case pending the ruling of the JPML.

## II.   FACTUAL BACKGROUND

Plaintiffs filed Original Class Action Complaint ("Complaint") [Dkt. 1] in this case on February 25, 2013, asserting causes of action against AB for Violation of Pennsylvania Unfair Trade Practices and Consumer Protection Law, Breach of Implied

---

[1] There are currently six cases pending in United States District Courts and two pending in the State courts of Missouri and Florida.

Warranty of Merchantability, Violation of Magnusson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA"). Plaintiffs complain of AB's deliberate watering down of eleven of its malt beverage products so that the alcohol by volume actually contained in those products is less than that stated on their labels. Complaint ¶¶ 1, 7-16.

Five other class actions have been filed against AB in five other federal district courts across the country asserting virtually identical factual claims against AB and similar causes of action for breach of the implied warranty of merchantability, violation of the MMWA and violation of state consumer protection statutes. *See* 3/22/13 Notice of Motion of Plaintiffs Nina Giampoli & John Elbert for Transfer of Actions to the Northern District of California Pursuant to 28 U.S.C. §1407 for Coordinated or Consolidated Pretrial Proceedings ("JPML Motion") [Dkt. 1], a true and correct copy of which is attached hereto as Exhibit A, filed by the plaintiffs in the first-filed action in the Northern District of California, and the Appendix included therein [Dkt. 1-4], which has attached to it as Tabs A-F the complaints in all six actions, including this one. The plaintiffs filing the JPML Motion seek certification of a 48 state class which would overlap with the class asserted in this case and a California sub-class. The plaintiffs in the other four cases assert state-wide classes.

A true and correct copy of the Notice of Filing or Publication of Briefing Schedule issued by the JPML on March 25, 2013, is attached hereto as Exhibit B. It shows that the matter has been assigned MDL No. 2448, and it provides that responses to the JPML Motion must be filed on or before April 15, 2013. In the normal course of events, the JPML Motion should be heard in just two months during the JMPL's May 30, 2013 hearing session.

AB's responsive pleadings deadlines in the other five federal class actions are as follows: April 8, 2013, in the *Giampoli, et al,* case in the Northern District of California

(Tab A to the Appendix, Dkt. 1-4, part of Exhibit A hereto); April 8, 2013, in the *Richardson* case in the District of Colorado (Tab B to the Appendix); and April 5, 2013, in the *Wilson* case in the District of New Jersey (Tab D to the Appendix)[2]; *See* the stipulations attached hereto as Exhibits C through F, respectively. Plaintiffs Greenberg and the other plaintiffs expect that AB will file motions to dismiss in all of those cases making arguments similar to those expected to be made in the Motion to Dismiss in this case, including that Federal and/or state alcoholic beverage laws prevent the plaintiffs from asserting viable causes of action, that the factual allegations do not meet the standard of *Iqbal*, and that the plaintiffs lack standing to seek declaratory and injunctive relief and to assert claims related to products that they did not personally purchase.

### III. THE COURT SHOULD STAY ALL PROCEEDINGS IN THIS CASE PENDING A RULING ON THE JPML MOTION

As stated by the United States Supreme Court, a district court's right to stay proceedings before it, based on a balancing of interests, is unquestionable.

> …[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936). In the case of a stay pending the JPML's ruling on a motion under 28 U.S.C. § 1407, it is the transferor district court, and not the JPML, which has the discretion to stay the action pending before the transferor district court. *In Re Aircraft Disaster at Paris, France, on March 3, 1974*, 376 F. Supp. 887, 888 (J.P.M.L. 1974).

---

[2] The *Hopkins* case in the United States District Court for the Northern District of Ohio is in the process of being served, therefore, AB's response date is not yet fixed.

Whether or not to stay litigation is a matter committed to the discretion of the district court as part of its inherent power to conserve judicial resources by controlling its docket. *Cost Brothers, Inc. v. Travelers Indemnity Co.,* 760 F.2d. 58, 60 (3d Cir. 1985). Courts evaluate three factors in deciding whether to grant a motion to stay: (1) judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the potential prejudice to the non-moving party. *American Seafood, Inc. v. Magnolia Processing, Inc.,* 1992 U.S. Dist. 7374 (E.D.Pa. 1992).

Stays of civil actions are common when the issue of transfer is before the JPML. *Packer v. Power Balance, LLC,* 2011 U.S. Dist. LEXIS 29767 (D.N.J. 2011) *citing Rivers v. Walt Disney Co.,* 980 F.Supp. 1358, 1362 (C.D.Cal. 1997). Certainly, case management reports, case management conferences and discovery should be routinely stayed, as any minimal prejudice resulting to a party from a delay of a few months while the JPML considers transfer is virtually always far outweighed by the waste of judicial resources that would take place if the parties and the court engage in such activities and then the case is then transferred. *Rivers* at 1360-61 ("First, if this case is consolidated…, this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge. And, second, any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation…."). *See also* Manual for Complex Litigation (Fourth) § 22.35 (2009)("A stay pending the Panel's decision can increase efficiency and consistency, particularly when the transferor court believes that a transfer order is likely and when the pending motions raise issues likely to be raised in the other cases as well.").

District courts in the Third Circuit have also routinely granted stays when motions to dismiss pursuant to FRCP 12(b)(6) were pending. *See, e.g., Weisman v. Mediq, Inc.*, 1995 WL 273678 at *3 (E.D. Pa. 1995); *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 365 (3d Cir. 2001)(stating that the district court "acted within its discretion" to stay discovery while considering defendant's motion to dismiss).

In this case, it is certain that AB will file a motion to dismiss. As a comparison of the Complaints contained in the Appendix [Dkt. 1-4], part of Exhibit A hereto, will show, the plaintiffs in all of the cases plead virtually identical allegations regarding AB's conduct, which means that AB will certainly move to dismiss all of them on the same bases. Of course, this presents a significant risk of inconsistent rulings for these overlapping classes of consumers if each of the current district courts were to go ahead and rule. Further, if some district courts rule and some do not, the transferee court would have to decide these issues, and if it disagreed with any of the previous rulings, it would have to reconsider them in order to make consistent rulings on these issues because the outcome could not differ from state to state. Thus, a failure to stay by this Court would risk it expending considerable time and effort in deciding the Motion to Dismiss only to have that effort wasted, not to mention the wasted efforts of the parties in briefing and arguing the Motion to Dismiss to this Court.

The same reasoning counsels that Plaintiffs will be prejudiced if the Court allows this case and the Motion to Dismiss to go forward. The significant effort Plaintiffs would have to put forth in responding to the Motion to Dismiss and working upon discovery and scheduling matters will be at risk of being wasted if this action is transferred.

In contrast, AB will suffer no real prejudice if the Court stays this action in its entirety. Responses to the JPML Motion are due on April 15, 2013. The JPML will likely hear the matter at its May 30, 2013 meeting and rule within a short time thereafter.

No negative consequences will befall AB in the interim until the transferee court can rule not only upon its Motion to Dismiss in this case but also upon what will likely be very similar motions to dismiss in the other cases. Furthermore, briefing on AB's Motion to Dismiss will not be completed until close to May 30, 2013, the date of the JPML meeting.

Counsel for Plaintiffs conferred with counsel for AB via telephone on March 27, 2013, regarding whether AB would agree to a stay of this case pending a ruling on the JPML motion. Counsel for AB stated that his client would not agree to this relief.

## IV. CONCLUSION

Plaintiffs, Thomas Greenberg and Gerald Greenberg, individually, and behalf of all other similarly situated, respectfully request that this Honorable Court grant their Motion to Stay.

        Respectfully submitted,

        CAROSELLI BEACHLER MCTIERNAN & CONBOY

        BY: s/DAVID S. SENOFF
            DAVID S. SENOFF, ESQUIRE
            LAUREN C. FANTINI, ESQUIRE

            1845 WALNUT STREET, FIFTEENTH FLOOR
            PHILADELPHIA, PENNSYLVANIA 19102
            T: (215) 609-1350/F: (215) 609-1351
            DSENOFF@CBMCLAW.COM
            LFANTINI@CBMCLAW.COM

            ATTORNEYS FOR PLAINTIFFS
            THOMAS GREENBERG AND
            GERALD GREENBERG AND THE PROPOSED CLASS

Date: April 2, 2013

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS GREENBERG AND | : | CIVIL ACTION |
| GERALD GREENBERG, *on behalf of* | : | |
| *themselves and all others* | : | NO. 13-1016 |
| *similarly situated,* | : | |
| PLAINTIFFS, | : | |
| | : | |
| v. | : | CLASS ACTION |
| | : | |
| ANHEUSER-BUSCH COMPANIES, LLC, | : | |
| DEFENDANT. | : | JURY TRIAL DEMANDED |

## CERTIFICATION OF SERVICE

I, David S. Senoff, Esquire, do hereby certify that a true and correct copy of the Plaintiffs' Motion to Stay Pending Decision of the United States Judicial Panel on Multidistrict Litigation was filed electronically on April 2, 2013, and is available for viewing and downloading from the ECF system.

                                           CAROSELLI BEACHLER MCTIERNAN
                                           & CONBOY

                                         BY:/S/DAVID S. SENOFF
                                           DAVID S. SENOFF, ESQUIRE
                                           PA. ATTY. I.D. NO. 65278
                                           LAUREN C. FANTINI, ESQUIRE
                                           PA. ATTY. I.D. NO. 93862

                                           1845 WALNUT STREET, FIFTEENTH FLOOR
                                           PHILADELPHIA, PENNSYLVANIA 19102
                                           T: (215) 609-1350
                                           F: (215) 609-1351
                                           DSENOFF@CBMCLAW.COM
                                           LFANTINI@CBMCLAW.COM

                                           ATTORNEYS FOR PLAINTIFFS
                                           THOMAS GREENBERG AND
                                           GERALD GREENBERG AND THE
                                           PROPOSED CLASS